## M. H. (Jack) Parkinson v. The State.

### No. 5775.   Decided March 31, 1920.

**1.—Theft—Bailee—Indictment—Foreman of Grand Jury.**

The signature of the foreman of the grand jury is not essential to the validity of an indictment. Following Hanna v. State, 1 Texas Crim. App., 579, and other cases; and, where, another member of the grand jury had signed said indictment, the objection that the foreman of the grand jury should have done so, is untenable. Following Day v. State, 61 Texas Crim. Rep., 117, and other cases.

**2.—Same—Other Offenses—Moral Turpitude—Suspended Sentence.**

Where, upon trial of theft, defendant testified in his own behalf, there was no reversible error in permitting State's counsel, on cross-examination, to show that defendant was under indictment in two other felony cases, although there may have been suspended sentence therein, or even if he had been acquitted.

**3.—Same—Requested Charges—Practice on Appeal.**

Where, upon trial of theft of an automobile by bailee, the court in his main charge submitted the defendant's theory of defense, there was no error in refusing requested charges upon the same subject.

Appeal from the Criminal District Court of Dallas.   Tried below before the Honorable. R. B. Seay.

Appeal from a conviction of theft of an automobile by bailee; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*McCutcheon & Church* and *Baskett & DeLee, for appellant.*     ..

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of signature of foreman of grand jury: Jones v. State, 10 Texas Crim. App., 552; and cases stated in opinion: On question of moral turpitude: White v. State, 61 Texas Crim. Rep., 500; Keets v. State, 175 S. W. Rep., 148.

MORROW, Judge.—The conviction is for theft. The appellant, while in possession of an automobile belonging to the witness Gillam, sold the car. The State's theory is that the appellant was a bailee, and fraudulently converted the property; and he is charged under the statute covering theft by bailee, Article 1348, Penal Code. The appellant's theory, developed by his testimony, is that the owner put the car in his possession, and gave him authority to sell it.

The foreman of the grand jury returning the indictment was W. L. Carwyle, and A. A. Jackson was a member of the grand jury. The indictment is not signed by Carwyle, but bears the signature of A. A.

Jackson, Acting Foreman. The signature of the foreman is not essential to the validity of an indictment. This has been held by this Court ever since it was organized. Hanna v. State, 1 Texas Crim. App., 579. This holding is based upon a construction of Article 576 of the Code of Crim. Procedure, upon reasoning which is clearly set forth by Judge Ramsey in the opinion in Day v. State, 61 Texas Crim. Rep., 117, following Jones v. State, 10 Texas Crim. App., 552; Weaver v. State, 19 Texas Crim. App., 547; Pinson v. State, 23 Texas Crim. App., 579; Campbell v. State, 8 Texas Crim. App., 84; Robinson v. State, 24 Texas Crim. App., 4; Witherspoon v. State, 39 Texas Crim. Rep., 665. The question is not an open one, and requires no review further than the citation of authorities.

The appellant testified in his own behalf, and upon cross-examination inquiry was made by State's counsel as to how many times he had been indicted for felonies within the last eight or ten years. From his answer it was shown that he was at the time under indictment in two cases, and had been indicted in two others in 1915. Objection was made that this was irrelevant testimony, and that in one of the cases the appellant had been accorded a suspended sentence. It is not certified as a fact, but merely stated in the bill that there had been a suspended sentence; but, treating it as a fact, we think there is no error shown for the reason that the uniform and repeated holding of this court has been that it was competent to prove, as affecting the credibility of the accused on trial when he testified as a witness in his own behalf, that he has been indicted for a felony. Branch's Annotated Texas Penal Code, sec. 167. The proof of the indictment was available to the State; it would have been available even if it had been followed by an acquittal. The theory upon which the evidence is held competent is that the bare fact that one has been indicted for a felony is worthy to go to the jury as bearing upon the weight of his testimony.

Several special charges were submitted covering appellant's defensive theory. This theory was given in the main charge, and one of the special charges was also read to the jury. In the special charge given, the jury was told in substance that if the appellant had permission of Gillam to sell the car, or thought he had such permission, that he would not be guilty, although he retained the proceeds of the sale. This instruction, supplementing the main charge written by the court, fully protected the rights of the appellant, and left to the jury the solution of the question of fact upon which there was a conflict of evidence between the State and the appellant.

The judgment is affirmed.

*Affirmed.*