## OCIE FRANKLIN V. THE STATE.

No. 21239. Delivered November 13, 1940.

The opinion states the case.

*Henry Taylor,* of Temple, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant plead guilty in the district court of Bell County to a charge of burglary and having waived a trial by jury, was assessed a penalty of three years in the penitentiary by the judge of the court.

The only evidence introduced in the case was the written confession of the appellant which he had previously made.

Article 10a of the Code of Criminal Procedure provides that a defendant in a criminal prosecution for a felony less than capital shall have the right upon pleading guilty to waive a trial by jury. It is conditioned, however, that he must make a personal appearance in open court; that it must be with the approval of the court and of the attorney representing the State, entered of record. If he has no attorney the court must appoint one to represent him. Art. 12 of the code further provides that it shall be necessary for the "State to introduce evidence into the record showing the guilt of the defendant * * * * *, and in no event shall the person charged be convicted upon his plea of guilty without sufficient evidence to support the same." This provision is susceptible of no other construction than that herein given.

Upon a plea of guilty before the court in such cases the State must produce evidence sufficient to support the finding of guilt and the punishment assessed. The confession may be used to aid the proof of the corpus delicti, but not to establish it. An extrajudicial confession, alone, without proof of the corpus delicti is insufficient to sustain a conviction. The corpus delicti consists of two things—first, a criminal act, and, second, the defendant's agency in the commission of such act. (Branch's Annotated Penal Code, Sec. 1890, page 1049, and authorities there cited.)

It will be observed that in this case there is no proof that

the burglary was committed other than that which is embraced in the confession itself. While a jury would be given the power to find him guilty under such confession and plea, the act of the legislature permitting a defendant to waive a jury specifically did not delegate to the court such power, but provided, to the contrary, that evidence must be heard.

Appellant's contention must be sustained. The judgment of the trial court is reversed and the case remanded.