## EX PARTE JIMMIE MEADOWS.

No. 23325.Delivered January 16, 1946.

The opinion states the case.

*Nat Gentry, of Tyler,* for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was convicted in our Cause No. 21151 of robbery by assault and sentenced to serve ten years in the state penitentiary. This cause was appealed to this court and by it affirmed, see 143 S. W. (2d) 389, there being no statement of facts nor bills of exceptions filed in the record. Relator now comes before us by writ of habeas corpus, alleging that the judgment in Cause No. 21151 supra was void in that he was charged by indictment therein with an assault and robbery by exhibiting a firearm, and found guilty by a jury "as charged" and given a term of

ten years in the penitentiary; that the judgment merely found him guilty of "robbery by assault," and that the sentence follows the judgment. It is therefore contended that the judgment and sentence are void and that relator is entitled to his discharge from the prison authorities. Such a judgment as this can only be attacked in case it is void. 12 Tex. Jur., Sec. 337, page 689. See Ex parte Cox, 109 S. W. 369; 19 Texas Digest, Habeas Corpus, Key 22.

The contention that the judgment and sentence failed to follow the verdict of the jury was a matter that should have been reached and called to our attention on the appeal of our Cause No. 21151, at which time, if necessary, such matters could have been corrected. A writ of habeas corpus cannot be used to serve the purpose of an appeal. See Branch's Penal Code, p. 151, and many cases there cited. Ex parte Crawford, 36 Tex. Cr. R. 180, 36 S. W. 92; Ex parte Dickerson, 30 Court of Appeals Rep. 448.

It seems that under the facts, and the charge of the court in the original cause, relator was charged with a robbery by assault, and the exhibition therein of a firearm, the same being a deadly weapon. The punishment for an assault being confinement in the penitentiary for life, or any term of years not less than five; and the punishment for an assault in which a deadly weapon was exhibited being by death, or confinement in the penitentiary for any term not less than five years. Relator's sentence came within a period reached by the commission of robbery by assault, and by such an assault coupled with the use of a deadly weapon. We do not think the judgment and sentence in Cause No. 21151 were void; it could be applied to either method of committing the robbery, and if relator was dissatisfied therewith, he should have evidenced such upon his appeal therein; he did not do so, and such cannot now be the basis of a writ of habeas corpus.

Relator is therefore remanded to the custody of the penitentiary authorities for the purpose of serving the remaining portion of his original sentence in our Cause No. 21151 in accordance with the law governing such matters.