## TRUDELL SHEPHERD v. STATE

No. 27,832. November 23, 1955

*Ramiro Martinez*, Pharr and *Royce A. Oxford*, Edinburg, for appellant.

*James S. Bates,* Criminal District Attorney, *Dave Horger, Jr.,* First Assistant District Attorney, Edinburg, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is robbery by assault; the punishment, 25 years.

The appellant waived a jury and pleaded guilty, and the assistant district attorney dictated into the record an agreement and stipulation that if the injured party were present he would testify substantially as was shown by his affidavit, which was introduced in evidence. It was further stipulated that appellant's confession was taken in the manner and form prescribed by law and might be introduced without objection.

The affidavit and the confession make out a complete case against the appellant.

Appellant now prays that this conviction be reversed because he was not confronted by the witnesses against him.

Recently, in Crawford v. State, 161 Texas Cr. R. 554, 273 S.W. 2d 845, we reversed a conviction upon a similar contention. There, we said, "Whether appellant, in person, might have waived that requirement is not before us, for there is no evidence that he did do so."

On the motion for new trial in the Crawford case, the appellant testified that he had not agreed to waive the presence of the witnesses against him, and the counsel who represented him was not called to refute such testimony. The statement of facts in that case recited, "It is agreed between the District Attorney and counsel for the defendant that if F. E. Davis were present in Court . . . he would testify . . . "

In the case at bar, affidavits of the absent witnesses were admitted under the stipulation hereinafter stated. Appellant did not testify on the motion for new trial, and no testimony was elicited on the question of the appellant's personal joinder in the stipulation and waiver.

The stipulation in the case at bar reads as follows:

"Now comes the State of Texas, by and through its Criminal District Attorney in and for Hidalgo County, Texas, the Honorable James S. Bates, and comes the Defendant, Trudell Shep-

herd, in his own proper person, and by and through his attorney heretofore appointed by the Court to represent him in this cause, the Honorable Ramiro B. Martinez, a practicing attorney of this Bar, and agree and stipulate as follows . . . "

If, in fact, the appellant did not so join in the waiver, we think it became incumbent upon him to have made an issue on this point at the hearing on the motion for new trial. In the absence of such an issue being raised, the record above quoted must control.

Such being the state of the record, Villarreal v. State, 152 Texas Cr. R. 369, 214 S.W. 2d 464, is here controlling.

The judgment of the trial court is affirmed.