**Ex parte Lee Alton NELSON.**

**No. 39730.**

Court of Criminal Appeals of Texas.

June 15, 1966.

John H. Regner, S. John Odom, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Commissioner.

Relator, an inmate of the Texas Department of Corrections, presented to this court an original application for habeas corpus alleging that upon his trial before the court upon his plea of guilty no evidence was

introduced showing his guilt, and he was not advised of his right to appeal.

The record of the evidence offered in the trial court after both the state and relator had announced ready for trial on September 2, 1964, is before us.

The record of the evidence reveals, in addition to the findings in the judgment, that the appellant was duly admonished as to his plea of guilty before it was accepted.

It also reveals that the companion case against Ray Adams was tried on August 26, 1964, in the same court and before the same trial judge that tried the relator.

The statement of facts in this cause reflects that the relator and his counsel and the state agreed and stipulated upon the trial that the trial court could consider, among the other evidence introduced, the evidence submitted in said companion case of the State v. Ray Adams; that the witnesses, Mrs. Paul Bishop, Judy Bishop, the complaining witness, and A. D. Holbrook, Mrs. Wood, and Dr. Gardner, would testify, if present, to substantially the same facts as in the trial of Ray Adams in said court on August 26, 1964. Ex parte, Lyles, 168 Tex.Cr.App., 323 S.W.2d 950.

The record reveals that after said agreement and the submission of the evidence the state recommended that six years be assessed as the punishment and that appellant's counsel in open court joined in the recommendation.

After the court found the appellant guilty and assessed his punishment at six years, the appellant waived the time within which to give notice of appeal and sentence was pronounced on September 2, 1964.

The evidence fails to support the allegations in appellant's application for the writ of habeas corpus.

It is concluded that the evidence submitted upon the trial was sufficient to support the plea of guilty.

The writ of habeas corpus is denied.

Opinion approved by the Court.