### Ex parte Joseph TAYLOR.

### No. 45267.

Court of Criminal Appeals of Texas.

April 19, 1972.

Rehearing Denied June 14, 1972.

Melvyn Carson Bruder, Dallas, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is a post conviction application for writ of habeas corpus in which the petitioner, an inmate of the Texas Department of Corrections, seeks to set aside his judgment of conviction.

An evidentiary hearing was held on the merits of this application, and the Honorable John Mead, presiding judge of Criminal District Court #4, Dallas County, certified findings of fact and conclusions of law to this Court pursuant to provisions of Article 11.07, Vernon's Ann.C.C.P. See also Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App.1967).

The record before this Court indicates that the petitioner was convicted, *on a plea of guilty,* of the offense of murder with malice in the Criminal District Court of Dallas on June 26, 1964.[1] This plea of guilty was taken by the court, before a jury, and that jury assessed punishment at life imprisonment. Petitioner did not appeal this conviction.

Petitioner's application for writ of habeas corpus alleged, *inter alia,* that there was insufficient evidence to support his plea of guilty, in violation of the provisions of Article 1.15, V.A.C.C.P.[2] Petitioner contends that since no testimonial evidence was taken in this trial, and since there were no written stipulations of evidence entered of record, that the oral stipulations given were insufficient to support this conviction.[3]

We reject this contention without reaching the merits thereof.

Even if this petitioner had challenged the sufficiency of the evidence on a direct appeal, this ground of error would have been without merit for two reasons. First, a plea of guilty admits all the elements of the offense. Second, it has long been the holding of this Court that the provisions of Art. 1.15, are inapplicable when a plea of guilty is taken before a jury. See Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460 (Tex.Cr.App.1942); Williams v. State, 422 S.W.2d 450 (Tex. Cr.App.1968); Walters v. State, 471 S.W. 2d 796 (Tex.Cr.App.1971). Also, it should be pointed out that at the time of this petitioner's trial, June 26, 1964, the statutes in effect *did not* require that written stipulations of evidence be admitted to corroborate the plea. See Vernon's Annotated C. C.P., 1925, Art. 12, Acts 1959, 56th Leg., 3rd C.S., p. 377, ch. 2.

It must be realized that this petitioner is attempting to attack collaterally, via habeas corpus, the sufficiency of evidence to support his conviction after entering a guilty plea.[4] Many such collateral attacks have been presented to this Court over the years. See Ex parte Banspach, 130 Tex. Cr.R. 3, 91 S.W.2d 365 (Tex.Cr.App.1936); Ex parte Pruitt, 141 S.W.2d 333 (Tex.Cr. App.1940); Ex parte Meadows, 149 Tex. Cr.App. 86, 191 S.W.2d 731 (1946); Ex parte Wingfield, 162 Tex.Cr.R. 112, 282 S. W.2d 219 (Tex.Cr.App.1955), certiorari denied, 350 U.S. 1002, 76 S.Ct. 553, 100 L.Ed. 866; Ex parte Slaughter, 163 Tex.Cr.R. 322, 290 S.W.2d 904 (Tex.Cr.App.1956); Ex parte Bruinsma, 164 Tex.Cr.R. 358, 298 S.W.2d 838 (Tex.Cr.App.1956); Ex parte Clark, 164 Tex.Cr.R. 385, 299 S.W.2d 128 (Tex.Cr.App.1957); Ex parte Keener, 166 Tex.Cr.R. 326, 314 S.W.2d 93 (Tex.Cr. App.1958); Ex parte Oliver, 374 S.W.2d 894 (Tex.Cr.App.1964); Ex parte Nelson, 403 S.W.2d 806 (Tex.Cr.App.1966); Ex parte Sanders, 169 Tex.Cr.R. 107, 332 S. W.2d 332 (Tex.Cr.App.1960); Ex parte Lyles, 168 Tex.Cr.R. 145, 323 S.W.2d 950 (Tex.Cr.App.1959).

It has been the uniform rule in this State that the quantum of the evidence necessary to sustain a *jury's verdict* is not subject to collateral attack after the conviction becomes final. See Ex parte Wingfield, supra; Ex parte Sanders, supra. Cf. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654; Akins v. Texas, 325 U.S. 398, 65 S.Ct.

---

1. The State did not seek the death penalty in this case.

2. Petitioner urges this Court to apply the provisions of Art. 1.15, as amended, Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722, eff. January 1, 1966.

3. Art. 1.15, supra, has been amended to permit oral stipulations in lieu of the written stipulations which were previously required in non jury trials. See Acts 1971, 62nd Leg., p. 3028, ch. 996, § 1, eff. June 15, 1971.

4. It is worthwhile to note that a substantial percentage of the *pro se* applications for writ of habeas corpus filed with this Court raise the issue of "insufficiency of evidence."

1276, 89 L.Ed. 1692; Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543.

 Therefore, we hold that a collateral attack can never be maintained to question the sufficiency of the evidence where voluntary plea of guilty is entered, with the defendant being represented by counsel, after the conviction becomes final.

In this regard, we shall expressly reaffirm our previous holding of Ex parte Lyles, 168 Tex.Cr.R. 145, 323 S.W.2d 950 (Tex.Cr.App.1959), and rule that the petitioner in this case is estopped from questioning the sufficiency of the evidence. See also Doughty v. Beto, 396 F.2d 128 (5th Cir. 1968); Hendrick v. Beto, (S.D. Tex.), 253 F.Supp. 994, affirmed, 360 F.2d 618 (5th Cir., 1966).

The application for writ of habeas corpus is without merit, and is hereby denied.