**Ex parte Bobby Edward ASH.**

**No. 49298.**

Court of Criminal Appeals of Texas.

Oct. 23, 1974.

John R. McFall, Lubbock, for appellant.

Alton Griffin, Dist. Atty., and Zant Woodul, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an application for writ of habeas corpus by an inmate in the Department of Corrections. Petitioner was convicted for the offense of burglary in the 140th District Court of Lubbock County on November 29, 1966. The jury found that petitioner was the same person who had been previously convicted of two felony offenses less than capital, and punishment was assessed at life under Art. 63, Vernon's Ann. P.C. Appeal was taken to this Court, and the judgment was affirmed. Ash v. State, 420 S.W.2d 703 (Tex.Cr.App., 1967).

Under Art. 11.07, Vernon's Ann.C.C.P., and in accordance with Ex parte Young, Tex.Cr.App., 418 S.W.2d 824, petitioner applied for writ of habeas corpus to the trial court, alleging that the indictments, judgments, and sentences in the two prior convictions relied on for enhancement of punishment render his conviction void because the evidence introduced to prove the two prior offenses does not preclude the possibility that the second offense occurred prior to the older alleged offense. Specifically, appellant points to the indictment in the second and latter case which alleges the offense of robbery by assault occurred on or about May 25, 1956, and urges that since the statute of limitations for robbery is five (5) years,[1] the offense could have been committed as far back as May 25, 1951, a time prior to the date alleged in the indictment for the offense of theft. The conviction in the theft case, the older prior, was based upon an indictment alleging that such offense occurred on or about June 17, 1952.

Following the habeas hearing, the trial court entered findings and concluded the relief sought should be denied.

In Wheat v. State, Tex.Cr.App., 442 S. W.2d 363, where a contention identical to the one advanced by petitioner herein was

1. Art. 12.03, V.A.C.C.P.

raised on direct appeal, this Court reviewed the holding in Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383, in stating:

"Observing that an indictment for felony theft may be presented within five years, but not afterward (Art. 179, V.A.C.C.P. —now Art. 12.03), it was held that the introduction of the indictment did not supply the necessary proof."

While Wheat v. State, supra, and Rogers v. State, supra, were cases where such attack was made on direct appeal, petitioner is urging the identical contention by way of collateral attack.

In Ex parte Taylor, Tex.Cr.App., 480 S.W.2d 692, this Court stated:

"It has been the uniform rule in this State that the quantum of the evidence necessary to sustain a jury's verdict is not subject to collateral attack after the conviction becomes final. [authorities omitted]"

Petitioner's application for writ of habeas corpus is without merit, and is hereby denied.

Opinion approved by the Court.

MORRISON, Judge (concurring).

Ex parte Daniels, Tex.Cr.App., 252 S.W.2d 586, which presented a similar contention to that in the case at bar, is distinguishable. In Daniel, supra, the indictment showed on its face that it would not sustain a conviction under Article 63, V.A.P.C.

The indictment in the case at bar is valid on its face. The question of proof of the proper sequence of convictions is not a matter which can be raised collaterally, because it is essentially a question of the sufficiency of the evidence. Ex parte Taylor, Tex.Cr.App., 480 S.W.2d 692; and Ex parte Lyles, Tex.Cr.App., 323 S.W.2d 950. See also Ex parte Huff, Tex.Cr.App., 316 S.W.2d 896.

I concur in the denial of relief.