**Ernest Howard OWENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51810.**

Court of Criminal Appeals of Texas.

July 14, 1976.

Rehearing Denied Sept. 15, 1976.

Marvin G. Kramer, Dallas, for appellant.

Henry Wade, Dist. Atty., and Edgar A. Mason, James G. Walker and Phil Dixon, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for aggravated robbery. Punishment, enhanced under V.T.C.A. Penal Code Sec. 12.42(c), was assessed by the jury at imprisonment for life.

In the first ground of error, appellant contends the trial court erred in overruling his objection at the punishment stage of trial to the introduction into evidence of a prior conviction for robbery that was alleged in the indictment for enhancement purposes.

Appellant's contention is that the conviction he challenges is void on its face because the agreement to waive the confrontation of witnesses and to stipulate testimony, which was introduced into evidence with the judgment, was not signed or approved by the trial court as required by the provisions of Art. 1.15, V.A.C.C.P., then and now in effect.

Appellant's argument is, of course, a collateral attack upon a prior final conviction. He does not contend that he made no knowing, voluntary, or intelligent waiver of his constitutional rights of confrontation and cross-examination. Instead, he merely challenges the failure of the trial court to approve his agreement to stipulate, in violation, he contends, of the strict requirements of Art. 1.15. Such an attack is ultimately a challenge to the sufficiency of the evidence to support the prior conviction, for the effect of an improper agreement to stipulate is to remove all evidence stipulated pursuant thereto from the proper consideration of the trial court. See *Rodriquez v. State,* Tex.Cr.App., 534 S.W.2d 335; *Hughes v. State,* Tex.Cr.App., 533 S.W.2d 824.

The sufficiency of the evidence may not be collaterally attacked. *Gaines v. State,* Tex.Cr.App., 501 S.W.2d 315; *Ex parte Lyles,* 168 Tex.Cr.R. 145, 323 S.W.2d 950. The first ground of error is overruled.

In the second ground of error, appellant contends the trial court erred in denying his motion to set aside the indictment because it was not signed personally by the foreman of the grand jury, but, as appellant established upon this record, by another grand juror whom the foreman had authorized to sign the latter's name for him. See Art. 21.02, Sec. 9, V.A.C.C.P. This contention is without merit. The failure of the foreman of the grand jury to sign the indictment does not vitiate that instrument. *McCullough v. State,* Tex.Cr.App., 425 S.W.2d 359; *Ex parte Landers,* Tex.Cr. App., 366 S.W.2d 567; *Ex parte King,* 156 Tex.Cr.R. 231, 240 S.W.2d 777, 778 (on motion for rehearing). It is permissible therefore for another grand juror to sign the

indictment in his stead. See *Parkinson v. State*, 87 Tex.Cr.R. 176, 220 S.W. 774. The second ground of error is overruled.

In the third ground of error, appellant contends as follows:

"The trial court erred in finding that the witnesses who identified the appellant as the person who committed the offense were not influenced by having seen photographs of the appellant or by the appellant being brought into the courtroom during the trial of the co-defendant."

To determine the admissibility of the in-court identification of appellant by two witnesses to the robbery, a hearing was held outside the presence of the jury, in accordance with *Martinez v. State*, Tex.Cr.App., 437 S.W.2d 842. The record thereof reflects that both witnesses had ample opportunity to observe appellant and his companion at length during the commission of the offense. Both were later shown six mugshots of black males. The police officer who was present, according to their testimony, did nothing to suggest which photographs the witnesses should select. The photographs themselves, which are included in the appellate record, are not suggestive. Both witnesses independently identified photographs of appellant and a man who later became his co-defendant.

Appellant also complains that at the trial of the co-defendant, which preceded that of appellant, he was viewed and identified by the same witnesses, who also testified at that trial. A witness' in-court identification is not tainted per se merely because he has viewed the accused in a prior judicial proceeding. *Cunningham v. State*, Tex.Cr.App., 500 S.W.2d 820. In the instant case, both witnesses testified that their identification of appellant was based upon their recollections from the offense.

In light of all the circumstances, neither the mugshots nor procedures employed in the prior trial were so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification at trial. See *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *White v. State*, Tex. Cr.App., 496 S.W.2d 642. The third ground of error is overruled.

The judgment is affirmed.