**Ex parte Terry Lynn ASHCRAFT**
**a/k/a Terry Ashcraft**

No. 57857.

Court of Criminal Appeals of Texas, Panel No. 2.

April 26, 1978.

Rehearing En Banc Denied June 7, 1978.

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

DALLY, Judge.

This is a post-conviction writ of habeas corpus proceeding. See Art. 11.07, V.A.C.C.P. The petitioner was convicted for possessing "phentermine, an isomer of methamphetamine," and is serving the sentence for that conviction.

The petitioner, relying on *Riddle v. State*, 560 S.W.2d 642 (Tex.Cr.App.1977), and *Lumberas v. State*, 560 S.W.2d 644 (Tex.Cr.App.1977), asserts that his conviction for the possession of phentermine is void and that he is entitled to be released from confinement.

 The defendants in *Riddle v. State*, supra, and *Lumberas v. State*, supra, were prosecuted for the possession of phentermine under the Dangerous Drug Act. At the time they were alleged to have committed the offense phentermine had been removed from the list of drugs in the Dangerous Drug Act by the Commissioner of Health and added to Schedule IV of the Controlled Substances Act, but phentermine *eo nomine* was not added to a controlled substance penalty group. See *Riddle v. State*, supra. Although phentermine *eo nomine* has not been placed in a penalty group of the Controlled Substances Act, a prosecution for the possession of that substance may be maintained if it is alleged and the proof shows that phentermine is an isomer of methamphetamine, since the possession of "methamphetamine including its salts, isomers, and salts of isomers," is a second degree felony, Sec. 4.02(b)(6), Sec. 4.04(b)(1), Controlled Substances Act, Art. 4476–15, V.A.C.S., for which the penalty is confinement in the Texas Department of Corrections for any term of not more than 20 years or less than 2 years. V.T.C.A. Penal Code, Sec. 12.33.

In the instant case the petitioner was charged by the indictment for possessing a ". . . controlled substance, namely: phentermine, an isomer of methamphetamine . . ." and the judgment recites that the petitioner was convicted of this offense. Whether phentermine is an isomer of methamphetamine is a question of the sufficiency of the evidence, see *Jackson v. State*, 518 S.W.2d 371 (Tex.Cr.App.1975); *Wright v. State*, 500 S.W.2d 170 (Tex.Cr.App.1973); *Taylor v. State*, 172 Tex.Cr. 461, 358 S.W.2d 124 (1962), which may not be collaterally attacked. See *Wolfe v. State*, 560 S.W.2d 686 (Tex.Cr.App.1978); *Owens v. State*, 540 S.W.2d 324 (Tex.Cr.App.1976); *Gaines v. State*, 501 S.W.2d 315 (Tex.Cr.App.1973); *Ex parte Taylor*, 480 S.W.2d 692 (Tex.Cr.App.1971); *Ex parte Lyles*, 168 Tex.Cr. 145, 323 S.W.2d 950 (1959).

The relief sought is denied.