**Ex parte Glen Albert DUNN.**

**No. 58647.**

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 18, 1978.

929

Tex.Cr.R. 145, 323 S.W.2d 950 (1959); *Ex parte Taylor,* 480 S.W.2d 692 (Tex.Cr.App. 1971); *Owens v. State,* 540 S.W.2d 324 (Tex. Cr.App.1976); *Ex parte Ashcraft,* 565 S.W.2d 926 (Tex.Cr.App.1978).

The relief sought is denied.

Before DOUGLAS, ROBERTS and DAL-LY, JJ.

OPINION

DALLY, Judge.

This is an Art. 11.07, V.A.C.C.P. post-conviction writ of habeas corpus.

The petitioner was convicted for the felony offense of driving a motor vehicle on a public road while intoxicated; he was granted probation; he did not appeal; probation was subsequently revoked; an appeal from the order of revocation was affirmed. The petitioner now asserts and the trial court has found that the misdemeanor offense of driving a motor vehicle on a public road while intoxicated that was used to raise the subsequent offense to a felony was not a final conviction.

■ The petitioner did not appeal from the original felony conviction as did the defendant in *Clopton v. State,* 408 S.W.2d 112 (Tex.Cr.App.1966), which petitioner cites. By failing to appeal and raise this ground the petitioner waived his opportunity to contest the validity of the alleged misdemeanor conviction. This is not a no-evidence case the appellant may not now by habeas corpus proceedings collaterally attack the sufficiency of the evidence supporting his conviction. *Ex parte Lyles,* 168