**Ex parte Thomas Gerald BROWN.**

**No. 69450.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 14, 1988.

---

Clifton L. Holmes, Longview, for appellant.

Tommy W. Wallace, Dist. Atty., Canton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is a post-conviction habeas corpus proceeding which is before this Court pursuant to the provisions of Article 11.07, V.A.C.C.P.

In January of 1979, applicant was convicted by a jury of the offense of incest.[1] At the punishment phase of the trial, applicant pled "not true" to the two enhancement paragraphs' allegations. The jury, however, found the allegations of two prior convictions to be true.[2] In accordance with the requirements of the law at that time, the trial judge entered judgment and mandatorily assessed applicant's punishment at confinement for life in the Texas Department of Corrections. V.T.C.A., Penal Code, Section 12.42(d), prior to 1983 amendment.[3] A direct appeal was subsequently made to this Court and the conviction was affirmed. *Brown v. State*, 657 S.W.2d 117 (Tex.Cr.App.1983).

Applicant has alleged that the State failed to present evidence with regard to the proper sequence of the enhancement allegations as is required under Section 12.42(d), supra.

■ The State argues that applicant is challenging the sufficiency of evidence in this case and that it has long been the rule in this State that sufficiency of evidence claims may not be raised in a collateral attack. The State cites *Ex parte Ash*, 514 S.W.2d 762 (Tex.Cr.App.1974), to support its arguments. We agree.

■ In *Ex parte Williams*, 703 S.W.2d 674, 677 (Tex.Cr.App.1986), this Court held that when the trial court has jurisdiction to render judgment and the law affords a remedy by appeal, this Court may not in habeas corpus proceedings inquire into questions of the sufficiency of the evidence upon which the judgment was rendered. Thus, as long as the record is "not totally devoid of evidentiary support of the [enhancement] allegations," then this Court

---

1. V.T.C.A., Penal Code, Section 25.02.

2. The State alleged for enhancement that applicant had been convicted of two prior felonies. The first conviction alleged was obtained in Cause No. 5198–B in the 124th Judicial District Court of Gregg County on February 8, 1957. This conviction was for burglary. The second offense was a conviction obtained in Cause No. D–7558–JH in the Criminal District Court of Dallas County on June 1, 1962. This conviction was also for burglary.

3. V.T.C.A., Penal Code, Section 12.42(d), since amended by Acts 1983, 68th Leg. p. 1750, ch. 339, Section 1, eff. Sept. 1, 1983, reads as follows:
   "If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

The section, as amended, reads as follows:
   "If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years."

The present amendment obviously leaves to the jury a degree of discretion in sentencing of repeat offenders that was heretofore denied them. Previously, the issue was placed in the trial judge's hands and the sentence was made mandatory upon a factual finding by the jury.

will not set aside an applicant's conviction. *Williams,* 703 S.W.2d at 680.

In this case, the State introduced two pen packets as proof of applicant's two prior convictions. These pen packets contain the judgments and sentences from the prior burglary offenses and constitute some evidentiary support for the enhancement allegations.

To the extent that *Ex parte Klasing,* 738 S.W.2d 648 (Tex.Cr.App.1987), allows such claims to be advanced in habeas pr˙ ceedings, it is overruled.

The relief prayed for is denied.

CLINTON, J., dissents.

TEAGUE, Judge, concurring.

There is absolutely no need to overrule *Ex parte Klasing,* 738 S.W.2d 648 (Tex.Cr. App.1987), as the majority opinion does, although there is perhaps a need to distinguish it from the facts of this cause.

The record of this cause clearly reflects that in proving up the two prior felony convictions that it alleged in the indictment to enhance appellant and cause the trial judge to assess his punishment at life imprisonment, the State introduced into evidence applicant's "pen packets". Contained within the "pen packet" that relates to the alleged 1962 prior conviction is the indictment that recounts that offense, which clearly shows that that offense occurred subsequent to the date when the first alleged prior conviction occurred, namely, June 19, 1956. Thus, under this Court's many decisions, the evidence is clearly sufficient to sustain the enhancement allegations.

*Stokes v. Procunier,* 744 F.2d 475, 483 (5th Cir.1984), on which *Ex parte Klasing,* supra, relied, is not on point because, as the Fifth Circuit clearly pointed out in its opinion: "[T]he State failed to introduce any evidence of the date Stokes committed the second felony. Since the State produced no evidence as to this essential element, it is impossible to say that a 'rational trier of fact' could have found beyond a reasonable doubt the facts necessary to support the life sentence." (484). In *Stokes,* supra,

the State did not introduce any evidence reflecting the "sequence" of the alleged prior convictions. In this cause, however, the State did introduce evidence of the date of the commission of the alleged second prior conviction.

When the State introduces no evidence of the date that the second alleged offense was committed, and the trier of fact on punishment is the jury, then it is necessary for the trial judge to instruct the jury on the statute of limitations. *Stokes,* supra. However, when the State introduces evidence of the date of the commission of the second alleged prior conviction, there is no need to instruct the jury on the statute of limitations.

The defendant is not entitled to any relief.

Therefore, I concur.

CAMPBELL, J., joins.