**Ex parte James Edward McLAIN.**

**No. 71733.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 12, 1994.

James Edward McLain, pro se.

Kyle Freeman, Dist. Atty., Bill Saban, Asst. Dist. Atty., Henderson, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION

OVERSTREET, Judge.

This is a post conviction application for writ of habeas corpus filed pursuant to the provisions of Art. 11.07, V.A.C.C.P.

A jury convicted applicant of voluntary manslaughter. Punishment was assessed by the jury at twenty (20) years. In response to a special issue submitted by the court, the jury found applicant used or exhibited a deadly weapon during the commission of the offense. Applicant's conviction was affirmed on direct appeal. *McLain v. State*, No. 12–90–00042–CR (Tex.App.—Tyler, delivered July 10, 1992, pet. ref'd).

The record reflects applicant and his stepson went to the home of the deceased, to confront the deceased and his sons about telephone calls that applicant's wife had been receiving. Applicant and the deceased became engaged in a fist fight outside the home. A son of the deceased came from inside the house with a pistol and fired shots. Applicant's stepson retrieved a rifle from their pickup truck and when applicant shouted, "shoot him," the stepson fired shots. One shot killed the deceased.

Applicant presents a single allegation in which he challenges the jury's determination he used or exhibited a deadly weapon during the commission of the offense. Specifically, applicant complains the jury was not provided with evidence demonstrating he personally used or exhibited a deadly weapon.[1] Applicant seeks to have this Court reform the judgment by deleting the affirmative finding entered pursuant to the provisions of Art. 42.12, Sec. 3g(a)(2), V.A.C.C.P. See Art. 42.01, Sec. 1(21), V.A.C.C.P.

A threshold determination in any post conviction habeas corpus application is whether the claim presented is cognizable by way of collateral attack. Traditionally, habeas corpus is available only to review jurisdictional defects, or denials of fundamental or constitutional rights. *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex.Cr.App.1989). Among those claims which are not cognizable by way of post conviction collateral attack is a challenge to the sufficiency of the evidence. See *Ex parte McWilliams*, 634 S.W.2d 815 (Tex. Cr.App.1982); *Ex parte Ash*, 514 S.W.2d 762 (Tex.Cr.App.1974).

In the instant cause, applicant's claim is directed at the sufficiency of the evidence to support the jury's affirmative finding regarding the use or exhibition of a deadly weapon during the commission of the offense. Such a challenge is not cognizable by way of post conviction collateral attack and therefore the relief sought is denied.

BAIRD, Judge, concurring.

Assuming arguendo that applicant may challenge the sufficiency of the evidence in a post-conviction application for writ of habeas corpus pursuant to Tex.Code Crim.Proc.Ann. art. 11.07, I nevertheless concur because a rational factfinder could conclude that applicant used or exhibited a deadly weapon during the commission of the offense. *Patterson v. State*, 769 S.W.2d 938 (Tex.Cr.App.1989).

---

1. Applicant was tried prior to the 1991 amendment to Art. 42.12, Sec. 3g(a)(2) allowing the entry of an affirmative finding upon a determination a party to an offense knew that a deadly weapon would be used or exhibited during the commission of the offense.

CLINTON, Judge, dissenting.

Today the Court blindly persists in holding that sufficiency of the evidence may not be attacked in a post-conviction writ of habeas corpus under Article 11.07, V.A.C.C.P. Were the Court at all interested in examining the history of the rule against entertaining claims of insufficient evidence in post-conviction collateral attack, it would be compelled to hold quite differently, at least consistent with our current pronouncements about what is cognizable in Article 11.07 habeas corpus. Because the majority does not undertake that examination, I will.

The reason this Court traditionally held that sufficiency of the evidence to support a conviction or particular sentence was not cognizable in post-conviction habeas corpus is that such a defect did not render the conviction void. E.g., *Ex parte Wingfield*, 162 Tex.Cr.R. 112, 282 S.W.2d 219 (1955); *Ex parte Keener*, 166 Tex.Cr.R. 326, 314 S.W.2d 93 (1958) (Davidson, J., concurring); *Ex parte Muro*, 394 S.W.2d 174 (Tex.Cr.App. 1965); *Ex parte Taylor*, 480 S.W.2d 692 (Tex. Cr.App.1972). Gradually, however, under the mistaken premise that federal constitutional defects were such as to render a state conviction void, not simply voidable, the Court began to recognize claims of federal constitutional defect in state post-conviction habeas corpus. See *Ex parte Crispen*, 777 S.W.2d 103 (Tex.Cr.App.1989) (Clinton, J., concurring). We have now reached the point in our habeas jurisprudence where we routinely say that among the issues that may be raised in collateral attack is the denial of a federal constitutional right. *Ex parte Banks*, 769 S.W.2d 539 (Tex.Cr.App.1989).

Ironically, *Banks* is one of the cases cited by the majority today for the proposition that a claim of insufficient evidence is not cognizable in post-conviction habeas corpus. That proposition is demonstrably false. After the decision of the United States Supreme Court in *Thompson v. City of Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d

654 (1960), this Court began to acknowledge that a conviction based on no evidence amounts to a violation of due process, and is thus subject to collateral attack in post-conviction habeas corpus. E.g., *Ex parte Moffett*, 542 S.W.2d 184 (Tex.Cr.App.1976). Even so, the Court continued to distinguish claims of no evidence from claims of insufficient evidence, maintaining that the latter remained subject to the general rule that sufficiency of the evidence is not cognizable collaterally. E.g., *Ex parte Dunn*, 571 S.W. 928 (Tex.Cr.App.1978). Then, in 1979, the United States Supreme Court declared that conviction upon less than legally sufficient evidence violates due process no less than does conviction based upon no evidence at all. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). With the advent of *Jackson v. Virginia* the distinction between no evidence and insufficient evidence for federal constitutional purposes was instantly rendered anachronistic. Accordingly, the Court has since suggested in dicta that, at least where the plea in the trial court was "not guilty" and the State has been put to its proof, the sufficiency of the evidence may indeed be collaterally attacked. See *Ex parte Williams*, 703 S.W.2d 674, at 683 (Tex. Cr.App.1986).* Nevertheless, today, without explication, as if by simple rote, the Court reverts to former holdings that legal sufficiency cannot be challenged in habeas corpus. That the Court cites *Ex parte Banks* to support this relapse is no less than baffling.

Because our acquiescence in reviewing claims of federal constitutional defect was premised upon a fiction that any such defect would render a state conviction void, see *Ex parte Crispen*, supra, I have suggested for some time now that we should restrict cognizability of federal constitutional claims in state post-conviction habeas corpus, most recently in *Ex parte Sadberry*, 864 S.W.2d 541, at 545 (Tex.Cr.App.1993) (Clinton, J., dissenting). Those suggestions have fallen largely on deaf ears. Currently the rule is,

---

\* In *Ex parte Brown*, 757 S.W.2d 367, at 368–69 (Tex.Cr.App.1988), the Court interpreted *Williams* to hold that collateral attack upon a conviction is prohibited whether the underlying plea is "guilty" or "not guilty." With all due respect, that was not the holding in *Williams*.

Indeed, Presiding Judge Onion took pains in his opinion for the Court in *Williams* to limit its holding to pleas of guilty, and strongly suggested, as noted in the text *ante*, that the holding would be quite different with respect to pleas of not guilty, where the State is put to its proof.

**352**

then, that all federal constitutional claims are cognizable under Article 11.07. *Ex parte Banks*, supra. Because a claim that the evidence did not support the jury's finding that applicant used or exhibited a deadly weapon implicates due process, it is cognizable in post-conviction habeas corpus. The Court must either review the merits of applicant's claim, or else overrule or modify *Banks.*

The record before us contains the statement of facts from applicant's trial. I have reviewed it and find no evidence he personally used or exhibited a deadly weapon. Applicant and his step-son drove applicant's truck to the home of one Williams, to confront him with regard to an ongoing dispute. Applicant and Williams engaged in a fistfight in Williams' front yard. Williams' thirteen year old son retrieved a pistol from the house and fired off several rounds from the front steps. Applicant's step-son then pulled a rifle from the truck and, at applicant's insistence, shot Williams, who later died of the wound. There is no evidence that applicant ever wielded the rifle. See *Travelstead v. State,* 693 S.W.2d 400 (Tex.Cr.App.1985). There was testimony applicant had retrieved the rifle from a closet and put it in his truck immediately before the encounter. It may be argued that this constitutes some evidence from which a rational factfinder could conclude- that applicant "used" the rifle in the commission of the voluntary manslaughter offense here, under *Patterson v. State,* 769 S.W.2d 938 (Tex.Cr.App.1989). But to hold *Patterson* supports an affirmative finding on the facts of this case would render *Travelstead* a nullity. In any event, I dissented in *Patterson,* and certainly would not extend it to reach the facts presented here.

In my view the evidence does not rationally support the jury's affirmative finding that applicant used or exhibited a deadly weapon, and applicant is entitled to the relief he seeks. Because the Court refuses to examine the merits of applicant's claim, or even to examine critically the question why it should not examine the merits of his claim, I respectfully dissent.