**Ex parte Leonard Uresti ROJAS, Appellant,**

v.

**The STATE of Texas.**

**No. 39062–01.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 9, 1998.

David K. Chapman, Fort Worth, for appellant.

David W. Vernon, Asst. Dist. Atty., Cleburne, Matthew Paul, State's Atty., Austin, for State.

PER CURIAM.

Application for Writ of Habeas Corpus Denied with Written Order.

BAIRD, Judge, concurring.

Applicant seeks habeas corpus relief from his conviction for capital murder and sentence of death. Tex.Code Crim. Proc. Ann. art. 11.071. Applicant has presented thirteen claims for relief contending his conviction should be reversed.[1] All of the claims are what is best termed "record claims." The order of the Court denying applicant relief does not explain why relief is denied.

In *Ex parte Gardner,* 959 S.W.2d 189 (Tex. Cr.App.1998)(op. on reh'g), this Court denied applicant his right to raise a violation of his Fifth Amendment rights pursuant to *Estelle v. Smith* [451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981)] because:

> ... Applicant had an opportunity to raise this claim on direct appeal as the record from the direct appeal indicates applicant relied on *Estelle v. Smith* to claim admission of Griffith's testimony violated his Sixth Amendment right to counsel ... There is no valid reason why applicant

---

**1.** Applicant raises three claims, two each having six sub-parts, for a total of thirteen claims for relief.

could not have raised on direct appeal the *Estelle v. Smith* claim he asserts in this proceeding. It is well settled "that the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal." (internal citations omitted).

*Gardner,* 959 S.W.2d at 199. In my opinion, based on *Gardner,* the Court now bars every record claim not raised on direct appeal as procedurally defaulted. In the instant case, twelve out of thirteen of applicants claims for relief were determined to be procedurally defaulted under *Gardner.*[2]

In *Gardner,* I joined Judge Overstreet's impassioned dissenting opinion on rehearing; however, I am bound to follow the rule of the majority. Twelve of applicant's claims have been procedurally defaulted under *Gardner.* Accordingly, I concur in the judgment of the Court.

---

**2.** Applicant also raised a claim of "no evidence." On direct appeal applicant raised a sufficiency of the evidence claim and this Court specifically noted evidence revealed the victims were killed in the same criminal transaction. *Rojas v. State,* —— S.W.2d ——, 1998 WL 648745 (Tex.Cr.App. No. 72,475, delivered September 23, 1998). A claim of "no evidence" may be raised on collateral review, however, it has no merit in the instant proceedings. *See Ex parte Moffett,* 542 S.W.2d 184 (Tex.Cr.App.1976), and *Ex parte Dunn,* 571 S.W.2d 928 (Tex.Cr.App.1978).

