

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00330-CR

Jack Andrew **SMITH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR10392
Honorable Melisa C. Skinner, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: December 7, 2022

AFFIRMED

Appellant Jack Andrew Smith pleaded guilty to a jury. Both Smith and the State presented evidence to the jury for sentencing. At the close of evidence, Smith suggested that the jury should be charged with deliberating on the issue of guilt because, during testimony, Smith had denied an essential element of the charges against him. The trial court rejected Smith's request because Smith had not taken steps to withdraw his guilty plea. We affirm.

**BACKGROUND**

Smith was charged with "shooting at and in the direction of" police officers when they responded to a domestic disturbance at his home. Before trial, Smith indicated to the court that he would plead guilty to the jury. At trial, Smith completed a plea colloquy with the trial court and then offered the following testimony to the jury:

> Smith: I take ownership for what I did.
>
> Defense Attorney: Okay.
>
> Smith: Very sorry for it.
>
> Defense Attorney: And let me ask you this—you've listened to the deputies who testified here today—is that a fairly accurate portrayal of what went on that night?
>
> Smith: Yes, it is.
>
> Defense Attorney: Okay. Let me ask you this: Did you—were you aiming at anybody? Were you shooting at anybody in particular or at anybody at all?
>
> Smith: No, I was not.

On cross-examination, the prosecutor reiterated Smith's guilty plea:

> Prosecutor: Mr. Smith, let's just get one thing clear, you did plead guilty to three counts of aggravated assault against a public servant; am I right?
>
> Smith: Yes.
>
> Prosecutor: Okay. And those counts say that—they state that you threatened imminent bodily injury to the complaints by shooting at and in the direction of them with a deadly weapon. Isn't that what you pled guilty to?
>
> Smith: Yes, it is.
>
> Prosecutor: And three different times you pled guilty, correct?
>
> Smith: That is correct.

But when the prosecutor asked Smith where he was shooting and whether he was aware the police were outside, Smith denied shooting toward people outside and denied knowing that police were present:

> Prosecutor: Can you tell the jury where you were aiming this target rifle when you were shooting that day?
>
> Smith: Up to the ceiling.
>
> Prosecutor: You didn't aim it out the window?
>
> Smith: I did not.
>
> Prosecutor: Or out the walls?
>
> Smith: No.
>
> Prosecutor: But you knew there was officers out there, correct?
>
> Smith: I did not.
>
> …
>
> Prosecutor: And do you remember where you were aiming this pistol on that day?
>
> Smith: Up in the ceiling and the walls, on the floor.
>
> Prosecutor: Out the window?
>
> Smith: No.
>
> Prosecutor: Out the door?
>
> Smith: I don't recall firing that weapon out the door, no.
>
> Prosecutor: You do not?
>
> Smith: I do not recall firing that weapon out the door, no.
>
> Prosecutor: You recall firing it that day?
>
> Smith: I do recall firing it that day in the house. I was just shooting around randomly in the house.

>Prosecutor: Well, when you were just shooting around randomly, do you recall there being officers outside?

>Smith: I did not know there were officers outside.

This testimony gave the trial court pause. First, neither the counts against Smith nor Smith in his guilty plea were specific about his mens rea:

>Prosecutor: I mean, remind the jury again that you did plead guilty to shooting at or near officers and you knew you were shooting at or near officers.

>Defense Attorney: Objection, Judge, he actually pled guilty to recklessly.

>Prosecutor: Your Honor, if we can approach?

>Trial Court: Yes, go ahead.

>(At the bench.)

>Trial Court: Yeah, it was read to—I track these.

>Defense Attorney: I'm sorry?

>Trial Court: I track these while they're reading the indictments, and it was intentionally and knowingly and recklessly, so there is intentional in each one of the counts.

But the bigger issue for the trial court was that Smith denied knowing that officers were present, despite the fact that the counts he pleaded guilty to required him to know it:

>Trial Court: Here's the biggest problem. Even if it's reckless, he's denying that they're police officers, that he knew that the police officers were even there.

>…

>[T]o have pled to this, it says the defendant knew the complainant was a public servant, namely, a peace officer, while in completing of his law—discharging his duty as public servant, and the complainant exercised official power and performance of an official duty as a public servant. And he is now testifying that he didn't even know officers were right there.

The trial court and the parties discussed the ramifications of moving forward with the proceedings, concluding that the best course of action was to continue with the presentation of evidence and arguments to the jury. Smith did not attempt to withdraw his plea. At the end of the day, after both parties rested, the trial court informed the jury that it would be directed to find Smith guilty based on his guilty plea.

When trial resumed the following morning, Smith suggested that the jury should not be directed to find him guilty since his testimony belied an element of the charges. The trial court disagreed, since Smith had not moved to withdraw his guilty plea; rather, Smith had persisted in pleading guilty. Accordingly, the trial court instructed the jury as planned, and Smith was convicted.

This appeal followed.

## GUILTY PLEA: LEGAL SUFFICIENCY REVIEW?

### A. Parties' Arguments

Smith argues that his guilty plea was legally insufficient to support a conviction because he denied knowing that the complainants in the case were police officers. The State argues that Smith is not entitled to a legal sufficiency review because he persisted in pleading guilty.

### B. Law

> In felony cases[,] a plea of guilty before the jury admits the existence of all necessary elements to establish guilt, and in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed.

*Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986) (citing *Darden v. State*, 430 S.W.2d 494, 495 (Tex. Crim. App. 1968)); *accord Ex parte Martin*, 747 S.W.2d 789, 792 (Tex. Crim. App. 1988). In such cases there is no question of the sufficiency of the evidence on appeal

or on collateral attack. *Ex parte Taylor*, 480 S.W.2d 692 (Tex. Crim. App. 1972) (citing *Brinson v. State*, 570 S.W.2d 937, 938–39 (Tex. Crim. App. 1978)).

> If a guilty-pleading defendant decides mid-trial that he wants to compel the trial court to evaluate the evidence under the reasonable doubt standard, he must seek to withdraw the plea of guilty. If he fails to do so, he is precluded from having an appellate court review the evidence against him under the traditional legal and factual sufficiency analyses.

*See McGill v. State*, 200 S.W.3d 325, 331 (Tex. App.—Dallas 2006, no pet.) (citing *Simpson v. State*, 67 S.W.3d 327, 329 (Tex. App.—Texarkana 2001, no pet.)).

## C.     Analysis

In this case, Smith admitted his guilt to the jury and waived his guilt-phase trial rights in a plea colloquy with the trial court. By doing so, he waived his right to complain of the legal sufficiency of the evidence supporting his conviction. *See, e.g.*, *Ex parte Williams*, 703 S.W.2d at 678. The record does not show that Smith attempted to withdraw his guilty plea. *See McGill*, 200 S.W.3d at 331. Therefore, we overrule Smith's first issue.

## INSTRUCTING JURY TO CONVICT

## A.     Parties' Arguments

Smith argues that the trial court erred when it instructed the jury to convict him because his testimony should have been construed as an attempt to withdraw his guilty plea. The State argues that the trial court followed the correct procedure after Smith admitted guilt to the jury and did not expressly attempt to withdraw his admission of guilt at any point.

## B.     Law

> It is well-established that in a felony case when a defendant has entered a plea of guilty before the jury, because there remains no issue of guilt to be determined, it is proper for the trial court to instruct the jury to return a verdict of guilty, charge the jury on the law on the punishment issues, and then instruct them to decide only those issues.

*Liendo v. State*, No. 03-97-00114-CR, 1998 WL 54024, at *2 (Tex. App.—Austin Feb. 12, 1998, no pet.) (not designated for publication) (citing *Holland v. State*, 761 S.W.2d 307, 313 (Tex. Crim. App. 1988)).

As mentioned in the last section, "[i]f a guilty-pleading defendant decides mid-trial that he wants to compel the trial court to evaluate the evidence under the reasonable doubt standard, he must seek to withdraw the plea of guilty." *McGill*, 200 S.W.3d at 331 (citing *Simpson*, 67 S.W.3d at 329). It is possible for a defendant to "convey[]…his desire to have the issue of guilt decided by the jury" without "explicitly requesting to change their pleas from guilty to not guilty." *Mendez v. State*, 138 S.W.3d 334, 345 (Tex. Crim. App. 2004) (citing *Harris v. State*, 172 S.W. 975 (Tex. Crim. App. 1915)). In *Harris*, the defendant "vigorously sought his right to inspect the court's charge, and, when he was belatedly given it, he informed the court of his desire to have the issue of insanity submitted to the jury." *Id*. at 349. But a defendant is required to take some affirmative action if he wishes to change his plea from guilty to not guilty. *Id*. at 350. A trial court has no duty to change a defendant's plea sua sponte, and a defendant's contradictory testimony as to the elements of a charge are not enough to satisfy the requirement that a defendant take affirmative steps to change his own plea of guilty if he wishes to do so:

> [Mendez's] attention was specifically called to the inconsistency between his plea of guilty and his testimony about lack of intent or knowledge. The inconsistency between his testimony and the other evidence has not escaped us. The appellant did not ask to withdraw his plea. If it had been in his interest to do so, he would have known it.

*Id*.

## C.    Analysis

Smith convicted himself and put the facts of the case before the jury to decide the appropriate punishment. *See Williams v. State*, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984). In

his testimony, Smith adopted the testimony of the deputies who testified before him. They testified that one of the deputies had announced their presence at the scene through a loudspeaker, that a helicopter had been dispatched and was audible overhead, and that their later investigation of the scene revealed many bullet-holes out the front of Smith's house.

Only when Smith was questioned at trial as to the specific elements of his actions, did he falter in his admission. Smith presents one interpretation of his contradictory testimony—that he was retracting his guilty plea. *Contra Mendez*, 138 S.W.3d at 350. Another possible interpretation is that Smith preferred not to face the specific truth of his actions, or that he could not.[1] We do not accept the argument that Smith's hedging against the underlying facts actually undermined his conviction. *See id*. The requirement from *Mendez* that Smith must take affirmative steps to withdraw his guilty plea was not satisfied in this case by Smith's contradictory testimony. We overrule his complaint on appeal.

### CONCLUSION

Although Smith contradicted his own testimony and brought his guilty plea under scrutiny, he did not attempt to withdraw his plea. As a result, we conclude that the trial court did not err in instructing the jury to convict Smith, and we decline to review his guilty plea for legal sufficiency. We affirm the trial court's judgment.

Patricia O. Alvarez, Justice

Do not publish

---

[1] Smith presented expert testimony that he had been diagnosed with post-traumatic stress disorder, which can affect both long- and short-term memory.