**Ignacio CUEVAS, Petitioner–Appellant,**

v.

**James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.**

No. 90–2523.

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1991.

Will Gray, Houston, Tex., for petitioner-appellant.

William C. Zapalac, Asst. Atty. Gen., Jim Mattox, Atty. Gen. of Tex., Austin, Tex., for respondent-appellee.

Before GEE, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

GEE, Circuit Judge:

We have carefully examined appellant Cuevas's contentions on appeal, and we conclude that each is sufficiently answered by the opinion of the trial court, upon the general reasoning of which we affirm. 754 F.Supp. 1127.[1] No further writing is required, in our view; and it is time for Cuevas's sentence to be carried out.

The mills of justice may yet grind exceeding fine in this matter, but it cannot be gainsaid that so far—mainly in the state court system—they have ground most exceeding slowly. Cuevas participated in the murder of Julia Standley, a hostage deliberately taken to facilitate a prison breakout, in 1974, the year following that in which the writer's judicial career commenced. That career draws to a close at the end of this month, with Cuevas still alive and unpunished after almost sixteen years. At no time in any of those years has it ever been seriously suggested that there was real doubt that this helpless woman was cold-bloodedly put in harm's way by Cuevas and his fellow conspirators in the course of their meticulously planned escape attempt or that her sad death did not proximately result from it.

If justice delayed be justice denied, it has clearly been denied in this case.

AFFIRMED.

1. The appellant complains to us of the refusal of the state trial court to instruct the jury at the penalty stage of the trial that the Texas law of parties was inapplicable and of that court's rulings on challenges to various veniremen. Several issues raised before our trial court were not brought forward to us: insufficiency of the evidence to support the conviction and unconstitutionality of the Texas capital sentencing scheme.