Ignacio CUEVAS, Petitioner–Appellant,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.

No. 91–2510.

United States Court of Appeals,
Fifth Circuit.

May 22, 1991.

Mandy Welch, Austin, Tex., for petitioner-appellant.

Bob Walt, Asst. Atty. Gen., Austin, Tex., Bill White, Staff Counsel of Inmates, Texas Dept. of Corr., Huntsville, Tex., for respondent-appellee.

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:

This is a subsequent petition for writ of habeas corpus in a capital case tried in Harris County, Texas. Execution is scheduled for May 23, 1991, between midnight and sunrise. We deny an application for stay of execution, vacate the district court's grant of a certificate of probable cause as improvidently granted, and affirm the dismissal of the petition by the United States District Court.

## I.

### –1–

Ignacio Cuevas was indicted in 1974 for the felony offense of capital murder while attempting an escape from the Walls Unit of the Texas Department of Corrections in Huntsville, Texas. Three juries have convicted Cuevas of this crime and each has sentenced him to death. In this appeal Cuevas presents his second federal habeas attack against the third conviction and death sentence. His first two convictions and death sentences were reversed by the Texas Court of Criminal Appeals for errors in the jury selection process. *Cuevas v. State,* 575 S.W.2d 543 (Tex.Crim.App.1978); *Cuevas v. State,* 641 S.W.2d 558 (Tex.Crim. App.1982). The Texas Court of Criminal Appeals affirmed the third conviction and sentence of death on July 1, 1987. *Cuevas v. State,* 742 S.W.2d 331 (Tex.Crim.App. 1987), *reh'g denied,* Nov. 4, 1987, *cert. denied,* 485 U.S. 1015, 108 S.Ct. 1488, 99 L.Ed.2d 716 (1988).

Cuevas was originally scheduled for execution on November 2, 1988. He petitioned the state trial court for a writ of habeas corpus, and that court changed the date of execution to February 1, 1989, to allow time for a response by the state, followed by new dates of April 5, 1989 and then May 9, 1989. On April 14, 1989, the state trial court entered its findings of fact and conclusions of law, denying the requested relief. The Court of Criminal Appeals affirmed on April 28, 1989. *Ex Parte Cuevas,* Application No. 19,807–01.

Cuevas filed his petition and motion for stay in federal district court on May 3, 1989. The following day United States District Judge Norman Black granted a stay of execution. With the grant of a stay, Judge Black directed Cuevas to file an amended petition on or before October 23, 1989, raising all claims then known to him, and warned Cuevas that all claims not included in the amended petition would be deemed waived unless predicated upon new evidence or changes in the law. Cuevas filed no amended petition. On May 23, 1990, the district court concluded that Cuevas had exhausted his state remedies and that Cuevas was not entitled to relief on any of the claims raised in his petition. *Cuevas v. Lynaugh,* 754 F.Supp. 1127 (S.D. Tex.1990).

Cuevas asserted the following grounds for relief on direct appeal; each of these grounds of relief was again raised and

denied in Cuevas's state court habeas petition and in Cuevas's earlier petition to the United States District Court:

(1) that his rights under the Eighth and Fourteenth Amendments were violated when the trial court excused venire member Glenda Davis because of her expressed feelings regarding the death penalty. According to Cuevas, the trial court erred in applying *ex post facto* the standards set forth in *Wainwright v. Will* [*Witt*], 469 U.S. 412 [105 S.Ct. 844, 83 L.Ed.2d 841] (1985), rather than the standards in effect at the time of trial, found in *Witherspoon v. Illinois*, 391 U.S. 510 [88 S.Ct. 1770, 20 L.Ed.2d 776] (1968), and *Adams v. Texas*, 448 U.S. 38 [100 S.Ct. 2521, 65 L.Ed.2d 581] (1980);

(2) that his Sixth, Eighth, and Fourteenth Amendment rights were violated by the trial court when it denied his challenges for cause to certain other prospective jurors on the basis of bias or prejudice, pursuant to *Enmund v. Florida*, 458 U.S. 782 [102 S.Ct. 3368, 73 L.Ed.2d 1140] (1982), because they could not fairly consider mitigating evidence during the punishment phase, or because they would have held the state to a lower burden of proof on the issues of intent and future threat to society;

(3) that he was deprived of the right to individualized sentencing, in violation of the Sixth, Eighth, and Fourteenth Amendments, due to the trial court's refusal to give the jury a specific instruction that the law of the parties does not apply to the first punishment issue, which allowed the jury to consider the actions of others in assessing his punishment;

(4) that the trial court misapplied state law in affirming the exclusion of certain venirepersons, in refusing to apply the rule of *Green v. State*, 682 S.W.2d 271 (Tex.Crim.App.1984), *cert. denied*, 470 U.S. 1034 [105 S.Ct. 1407, 84 L.Ed.2d 794] (1985), and in applying the harmless error rule;

(5) that there was insufficient evidence to support the jury's finding that he deliberately caused the death of the deceased; and

(6) that the Texas capital sentencing scheme, as applied, violated his rights under the Eighth and Fourteenth Amendments in that they failed to provide the jury the requisite opportunity to consider mitigating evidence.

Cuevas appealed to this court only the "refusal of the state trial court to instruct the jury at the penalty stage of the trial, that the Texas law of parties was inapplicable and ... that court's rulings on challenges to various veniremen." *Cuevas v. Collins*, 922 F.2d 242, n. 1 (1990). We affirmed for essentially the same reasons as the United States District Court. *Cuevas v. Collins*, 922 F.2d 242 (5th Cir.1991). On May 13, 1991, the Supreme Court denied *certiorari*. *Cuevas v. Collins*, —— U.S. ——, 111 S.Ct. 2043, 114 L.Ed.2d 127 (1991). The trial court scheduled Cuevas for execution on May 23. Cuevas then filed an application for writ of habeas corpus in the 177th District Court of Harris County, Texas, the original trial court. Cuevas also requested a stay of execution and moved for an evidentiary hearing on the question of his competency to be executed. On May 20, the state trial judge denied the request for stay and motion for evidentiary hearing and filed findings of fact and conclusions of law. The trial court found that there was no credible evidence demonstrating that Cuevas was not competent to stand trial in 1983. He also found that Cuevas

> has failed to make even a threshold showing that he does not know of his pending execution, comprehending that it is approaching. Nor has he demonstrated that he does not understand the reasons for said sentence.

The trial court found that Cuevas's evidence was either not mitigating or could have been fully considered by the jury within the scope of the special issues. He also found that Cuevas was "procedurally barred" from contending that the Texas sentencing scheme precluded the development of Cuevas's alleged "mental retarda-

tion, organic brain damage, and childhood socioeconomic deprivations." Specifically, the state trial judge rejected the contention that Cuevas's low IQ, assertedly an IQ of 70, was alone of mitigating value. He also concluded that "the mere fact that applicant's assigned hostage was not killed, standing alone, has no mitigating value." Finally, he concluded that if the jury was persuaded that the hostage assigned Cuevas during the prison breakout survived due to a decision on Cuevas's part, the jury's conclusion could be expressed in its answer to the special interrogatories.

–2–

Cuevas sought similar relief from the Texas Court of Criminal Appeals, and on May 21, that court denied his request on the basis of the findings and conclusions of the trial court. Cuevas then petitioned for a writ of habeas corpus and stay of execution in the United States District Court for the Southern District of Texas. On May 22, 1991, the United States District Court denied the petition for habeas relief in a detailed order. Cuevas appeals and seeks a stay of execution.

II.

The current habeas petition raises issues not raised in the appeal to this court from the dismissal of Cuevas's first federal habeas petition. Cuevas's first claim, based on *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), is that the sentencing jury was wrongly precluded from giving expression to his mitigating evidence, and, relatedly, that the development of his mitigating evidence was chilled by the realization that such evidence might simultaneously erode his position on future dangerousness. Cuevas's second claim is that due to mental deficiencies he was not competent to stand trial. Third, his counsel urges that Cuevas is now not competent to be executed.

III.

Cuevas's *Penry* claim is that the interrogatories put to the Texas jury did not allow the jury to give expression to his mitigating evidence. Relatedly, Cuevas argues that this absence of accompanying instruction also put him to the Hobson's choice of offering evidence that while mitigating was also evidence of future dangerousness. These arguments were not presented in Cuevas's earlier habeas petition to this court, as we then noted, 922 F.2d 242, n. 1, and we are persuaded that Cuevas's effort to assert them now is an abuse of the writ and is barred.

The Supreme Court, in *McCleskey v. Zant*, — U.S. —, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), recently adopted the cause and prejudice standard for escaping the preclusive effect of omitting a claim from an earlier federal petition. In *Selvage v. Lynaugh*, 842 F.2d 89 (5th Cir. 1988), *vacated and remanded*, 494 U.S. 108, 110 S.Ct. 974, 108 L.Ed.2d 93 (1990), we held that an appellant must show cause to escape the procedural bar created by his failure to make a contemporaneous objection at trial. We found that Selvage made no such showing.[1] That is, in *Selvage* we applied to a *Penry* claim the standard of cause and prejudice that, under *McCleskey*, we are now to apply to writ abuse. It is true that the United States Supreme Court remanded *Selvage* to this court, and that we in turn certified to the Texas Court of Criminal Appeals questions regarding Texas law. *Selvage v. Lynaugh*, 897 F.2d 745 (1990). For that reason, it might appear that we should follow a similar course here—or at least await the decision of the Texas Court of Criminal Appeals. We are not so persuaded. The uncertainty in *Selvage* revolved around the preclusive effect under Texas law of no contemporaneous objection. There is here no similar uncertainty under Texas law. Texas has invoked the doctrine of writ abuse. *See also Buxton v. Collins*, 925 F.2d 816, 821 (5th

---

**1.** Cuevas's third trial was held in April 1983 and his first federal habeas was before this court in

1990.

Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 1095, 112 L.Ed.2d 1197 (1991). In deciding the issue of writ abuse, we simply now apply the same measure of cause and prejudice as we do with a procedural bar. We reach the same conclusion.

The court in *McClesky v. Zant* explained that:

> [i]n procedural default cases, the cause standard requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in state court. *Murray v. Carrier,* 477 U.S. [478] at 488 [106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)] Objective factors that constitute cause include " 'interference by officials' " that makes compliance with the state's procedural rule impracticable, and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Ibid.* In addition, constitutionally "ineffective assistance of counsel ... is cause." *Ibid.* Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. *Id.,* at 486–488, 106 S.Ct., at 2644–45. Once the petitioner has established cause, he must show " 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982).
>
> Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice. *Murray v. Carrier, supra,* 477 U.S., at 485, 106 S.Ct., at 2643.

111 S.Ct. at 1470. The court continued:

> [C]ause ... requires a showing of some external impediment *preventing* counsel from constructing or raising a claim.

111 S.Ct. at 1472 (quoting *Murray v. Carrier,* 477 U.S. at 492, 106 S.Ct. at 2647–48).

Nothing prevented counsel from raising his *Penry* claim. In *Selvage v. Lynaugh,* 842 F.2d 89, 94 (5th Cir.1988), we found that as early as April 1980, a *"Penry"* contention, as it later became known, was "not a recently found legal theory not knowledgeable by competent counsel." We also relied upon the teaching of *Engle v. Isaac,* 456 U.S. 107, 131, 102 S.Ct. 1558, 1573–74, 71 L.Ed.2d 783 (1982), to the following effect:

> If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.

There is no basis for asserting that it would have been futile for Cuevas to have pursued his *Penry* claim in his first federal habeas petition. He did so in the federal district court but abandoned the argument on appeal. Nor is the fact that the law is "developing" of aid to Cuevas. The "question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986).

Our inquiry does not end with the conclusion that Cuevas has failed to demonstrate cause for omitting his claim. This is because "[i]n appropriate cases the principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration." *Murray v. Carrier,* 477 U.S. at 495, 106 S.Ct. at 2654 (quoting *Engle v. Isaac, supra,* 456 U.S. at 135, 102 S.Ct. at 1575–76). Where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.* 106 S.Ct. at 2668. *Selvage,* 842 F.2d at 94 (quoting *Engle,* 456 U.S. at 131, 102 S.Ct. at 1573–74).

In *Smith v. Murray*, the Supreme Court asked whether there was "a substantial claim that the alleged error undermined the accuracy of the . . . sentencing determination." *Smith v. Murray*, 477 U.S. at 539, 106 S.Ct. at 2669. But having said this, it is not entirely clear what it means to be actually innocent of a death sentence. As the Court stated in *Dugger v. Adams*, 489 U.S. 401, 109 S.Ct. 1211, 1217, n. 6, 103 L.Ed.2d 435 (1989):

> In *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2650, 91 L.Ed.2d 397 (1986), this Court stated that "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." We made clear, however, that such a case would be an "extraordinary" one, *ibid.*, and have since recognized the difficulty of translating the concept of "actual" innocence from the guilt phase to the sentencing phase of a capital trial, *Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 2668, 91 L.Ed.2d 434 (1986). We do not undertake here to define what it means to be "actually innocent" of a death sentence. . . . Demonstrating that an error is by its nature the kind of error that might have affected the accuracy of a death sentence is far from demonstrating that an individual defendant probably is "actually innocent" of the sentence he or she received. The approach taken by the dissent would turn the case in which an error results in a fundamental miscarriage of justice, the "extraordinary case," *Carrier, supra*, 477 U.S. at 496, 106 S.Ct., at 2650, into an all too ordinary one.

In *Selvage*, we found the *Penry* claim to be procedurally barred, rejecting the suggestion that the error-enhancing risk of *Penry* error rose to the level of actual innocence. We adhere to that course.

We need not decide whether inability of a Texas jury to give expression to mitigating evidence can never so enhance the risk of an erroneous capital sentence as to equate innocence. Cuevas offered evidence at trial of his low IQ, poor education, and inability to plan the escape and perceive its consequences. In short, Cuevas elected a trial strategy that portrayed himself as weak-minded and a follower of Carasco in the escape attempt. He relied on test scores from prison testing including an IQ test made on entering TDC reflecting an IQ of 70. He also offered testimony from one of the witnesses to the escape that she thought Cuevas was "just plain dumb." He offered drawings made while in prison. From this evidence his lawyer, Will Gray, argued at the sentencing phase that he had not acted deliberately within the meaning of the first interrogatories. He also argued that the drawings demonstrated "a spark of humanity." Much of this evidence can fairly be said to be mitigating. But little of this *Penry* evidence remains after we look only to the evidence that could not find expression in the answer to the first interrogatory; at the least not in such measure as to persuade that the absence of explanatory instructions causes this trial and sentence to be fundamentally unfair— or so raised the risk of an erroneous sentence as to implicate actual innocence.

As we explained, Cuevas's *Penry* argument has a second wing. However, this argument that development of his mitigation case was chilled was not preserved in the state trial court and the state courts have explicitly relied upon the absence of contemporaneous objection in denying this claim. This aspect of Cuevas's *Penry* claim must be similarly rejected for the absence of legal cause to escape the procedural bar.

Finally, Cuevas argues that writ abuse is no bar because his counsel was ineffective in his first federal habeas proceedings. Specifically, Cuevas argues that his attorney was ineffective in not asserting his *Penry* argument before this court in his appeal of the decision of the United States District Court dismissing his first

federal petition. This argument fails the prejudice prong of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, to the extent that it urges a chilling of the development of Cuevas's case in mitigation the argument would have faced the absence of a contemporaneous objection. Second, and relatedly, we cannot say that any error in not urging that the record evidence of mitigation supported a *Penry* violation was "so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." Our focus "must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* 104 S.Ct. at 2056.

## IV.

### –1–

■ Cuevas argues that he was not competent to stand trial. His argument is that his "court-ordered competency evaluations were fundamentally flawed." The state habeas court found that there was no factual basis for this assertion. We find none. Certainly, there has been no demonstration of cause and prejudice for the omission of this claim from Cuevas's earlier federal habeas petition. We agree with the federal district court that this claim is barred by the doctrine of writ abuse.

### –2–

■ Counsel urges that Cuevas is not competent to be executed. A habeas petitioner must make a substantial showing that he is so deranged that he is unaware that he is about to be put to death before due process requires that he be afforded a hearing on the issue of insanity. *Lowenfield v. Butler,* 843 F.2d 183, 187–88 (5th Cir.), *cert. denied,* 485 U.S. 1014, 108 S.Ct. 1487, 99 L.Ed.2d 714 (1988). The state trial judge concluded that Cuevas had "failed to make even a threshold showing that he does not know of his pending execution, comprehending that it is approaching. Nor has he demonstrated that he does not understand the reasons for said sentence."

He then offered five detailed reasons for his conclusion. We agree.

## V.

The District Court, after dismissing the petition for habeas corpus on its merits, did not grant a stay of execution. Although this is a subsequent petition, it then granted a certificate of probable cause. This confusing ruling is inconsistent with the district court rulings on the merits and contrary to the local rules for the Southern District of Texas and the repeated urgings of this court in other cases. We have carefully considered each of the arguments of Cuevas, having had the benefit of all arguments at each stage of the proceedings. We advised the attorneys of our grant of the state's motion to vacate the certificate of probable cause and expedite appeal. Counsel to Cuevas and the state in turn advised this court that they relied upon the submissions made below and in the state courts, all of which we have carefully considered. Counsel for Cuevas orally requested that this court grant a certificate of probable cause. We rule on the merits of Cuevas's claims. *See Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). We are sensitive to the rights both of the state and of Cuevas to have their contentions fully and fairly aired. We are persuaded that this has been done in this case, and in abundance.

The application for stay of execution, and certificate of probable cause, is DENIED. We reach the merits of the decision of the United States District Court dismissing Cuevas's Petition for Writ of Habeas Corpus and AFFIRM.