Jerry Joe **BIRD,** Petitioner–Appellee Cross–Appellant,

v.

James A. **COLLINS,** Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellant Cross–Appellee.

No. 91–2630.

United States Court of Appeals, Fifth Circuit.

June 16, 1991.

Certiorari Denied June 17, 1991.

See 111 S.Ct. 2820.

Andreal L. March, Asst. Atty. Gen., Austin, Tex., for respondent-appellant cross-appellee.

Eden E. Harrington, Texas Resource Center, Austin, Tex., for petitioner-appellee cross-appellant.

Before CLARK, Chief Judge, and HIGGINBOTHAM and DAVIS, Circuit Judges.

BY THE COURT:

Petitioner presented to the United States District Court for the Southern District of Texas at Brownsville, Texas his second petition for a writ of habeas corpus. See 28 U.S.C. § 2254, et seq. The petition presented four claims for relief. The district court dismissed claims one, two and four but declined to dismiss claim number three.

> In claim number three petitioner urged: "Reliance on appellate courts' 'uniform interpretation' of the Texas capital sentencing statute prevented counsel from investigating, developing, and presenting relevant mitigating evidence in support of a life sentence for Bird."

Petitioner persuaded the district court that claim number three presented a substantial legal question requiring more time for decision. The district court issued a stay of execution and granted a requested certificate of probable cause. Both the State and petitioner appeal.

We are persuaded that the district court properly dismissed claims one, two and four and affirm the dismissal for essentially the reasons stated by the district court.

The district court hesitated over the expressed uncertainty of the Supreme Court in translating the concept of actual innocence to innocence of a death sentence. The district court quoted from *Smith v. Murray*, 477 U.S. 527, 539, 106 S.Ct. 2661, 2884, 91 L.Ed.2d 434 (1986) that:

> We do not undertake here to define what it means to be "actually innocent" of a death sentence.... Demonstrating that an error is by its nature the kind of error that might have affected the accuracy of a death sentence is far from demonstrating that an individual defendant probably is "actually innocent" of the sentence he or she received. The approach taken by the dissent would turn the case in which an error results in a fundamental miscarriage of justice, the "extraordinary case," [*Murray v.*] *Carrier, supra*, 477 U.S. [478] at 496, 106 S.Ct. [2639], at 2650, [91 L.Ed.2d 397 (1986)], into an all too ordinary one.

We recently acknowledged this uncertainty in *Cuevas v. Collins*, 932 F.2d 1078 (5th Cir.1991). However we also concluded that whatever may be the "extraordinary" level of *Penry* type evidence not given expression under the question of deliberateness and future dangerousness sufficient to render a petitioner "actually innocent" of a sentence as opposed to error that "might have affected [its] accuracy", it was not presented by Cuevas. We reach the same conclusion here.

The stay of execution is vacated and the certificate of probable cause vacated. Our ruling is upon the merits of the case. See *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

AFFIRMED IN PART AND REVERSED IN PART.