**John Henry SELVAGE, Petitioner–Appellee–Appellant,**

v.

**James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellant–Appellee.**

No. 88–2278.

United States Court of Appeals, Fifth Circuit.

Oct. 2, 1992.

---

Robert S. Walt, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellant-appellee.

George H. Kendall, Richard H. Burr, III, NAACP Legal Defense and Educ. Fund, New York City, David Cunningham, Houston, Tex., for petitioner-appellee-appellant.

## ON PETITION FOR REHEARING

(Opinion August 27, 1992, 5th Cir., 1992, 972 F.2d 101)

Before POLITZ, Chief Judge, HIGGINBOTHAM, and WIENER, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

John Henry Selvage petitions for rehearing urging that the court erred in determining that his failure to raise *"Penry"*[1] claims in his first habeas petition could not be excused for cause. In holding that the perceived futility of such claims did not render them "unavailable," we relied on precedents establishing that cause will be found only in cases of "new" or "novel" claims having no reasonable basis in existing law. Recognizing that the same novel-

---

1. *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989).

ty of an issue that excuses procedural default or writ abuse normally precludes retroactive application under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), see *Skelton v. Whitley,* 950 F.2d 1037, 1042 (5th Cir.1992); *Fierro v. Lynaugh,* 879 F.2d 1276, 1282 (5th Cir. 1989), *cert. denied,* 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990), Selvage contends that failures to raise "futile" as well as "novel" claims should be excused. We believe, however, that we employed the correct cause standard and therefore deny Selvage's petition.

 Absent a showing of cause and actual prejudice, federal habeas petitioners may not assert new claims in a second federal habeas petition. *McCleskey v. Zant,* — U.S. —, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). A failure to raise a claim in the first petition may not be excused for cause if the claim was reasonably available at that time. Guided by the Supreme Court's admonition in *Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982), that claims are "reasonably available" even where their assertion would in all likelihood be "futile," we have held that the unsuccessful advancement of *"Penry"* claims by defense counsel as early as 1980 demonstrates that such claims were reasonably available at that time. *Cuevas v. Collins,* 932 F.2d 1078 (5th Cir.1991); *Selvage v. Lynaugh,* 842 F.2d 89 (5th Cir.1988), *vacated on other grounds,* 494 U.S. 108, 110 S.Ct. 974, 108 L.Ed.2d 93 (1990). Citing *Cuevas* and *Engle,* we held here that Selvage's failure to raise *Penry* claims in his first petition in 1985, however "futile" such contentions might have been, could not be excused for cause.

Selvage agrees that the cause requirement is not satisfied if the claim was "reasonably available" at the time of the first federal petition. He argues, however, that we have employed the wrong standard in determining that *Penry* claims were "available." Selvage maintains that *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), provides that a failure to raise a claim may be excused when counsel had

"no reasonable basis for believing that the claim [would] prevail upon review in federal court," that is, where pursuing such a claim would have been "futile." Because courts had consistently rejected *"Penry"* claims at the time of his first federal habeas petition, *see, e.g., Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976); *Granviel v. Estelle,* 655 F.2d 673 (5th Cir.1981), *cert. denied,* 455 U.S. 1003, 102 S.Ct. 1636, 71 L.Ed.2d 870 (1982), Selvage concludes that his failure to raise these claims should be excused on grounds of futility.

This standard, which Selvage would locate in *Reed,* is inconsistent with *Engle's* holding that futility does not constitute cause. The argument thus supposes that *Reed* marked a dramatic, and sustained, departure from the rule laid down in *Engle.* The Supreme Court, however, has read the two decisions together and has confirmed that perceived futility does not justify a failure to raise a claim.

The petitioners in *Engle* contended that their failure to raise a claim in state court should be excused on grounds that such an objection was novel or "unknown" to them and, if known, would at any rate have been "futile." 456 U.S. at 129, 102 S.Ct. at 1573. Since the Court found that the issue was clearly "known," it had no occasion to "decide whether the novelty of a constitutional claim ever establishes cause for a failure to object." *Id.* On the question of a known, but futile, claim, the Court that held that "the futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial." *Id.* The Court concluded that a failure to assert a claim could not be excused "[w]here the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim." *Id.* 456 U.S. at 134, 102 S.Ct. at 1575.

The *Reed* Court resolved the issue of "novel" claims left open in *Engle,* holding that "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim." *Reed,*

468 U.S. at 16, 104 S.Ct. at 2910. One question raised by *Reed* concerned the decision's effect on the sharp distinction drawn in *Engle* between "available" known but futile claims and novel, unknown, and hence "unavailable" claims. This was not the focus of the Court's opinion in *Reed* and the Court at places appeared to follow *Engle* in restricting the novelty exception to "unknown" claims. *See id.* 468 U.S. at 14–15, 104 S.Ct. at 2909–10 (cause exists "if counsel has no reasonable basis upon which to formulate a constitutional question," where the "constitutional issue [was] reasonably unknown to him," or where counsel was "sufficiently unaware of the question's latent existence"). Other passages in the opinion, which Selvage stresses, describe "novelty" in more expansive terms. *See id.* 468 U.S. at 17, 104 S.Ct. at 2911 (availability of a claim depends on "how direct this court's sanction of the prevailing practice had been, how well entrenched the practice was ... and how strong the available support is from sources opposing the prevailing practice"). A novelty standard culled exclusively from this part of the opinion might render unavailable many claims the *Engle* court considered "futile" and hence "available."

The Supreme Court, however, has not given this language in *Reed* the broad effect Selvage proposes. Rather, the Court has read *Reed* to supplement, not supplant, *Engle*. The cause standard formed by the two decisions provides that a failure to assert truly novel claims may be excused; futile claims, however, are in no way novel, and the omission of such "reasonably available" claims will not be excused. As the Court held in *Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986): "[A] comparison of *Reed* and *Engle* makes plain [that] the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of default the claim was 'available' at all." The *Smith* Court confirmed "the established rule that 'perceived futility alone cannot constitute cause'" *id.* 477 U.S. at 535, 106 S.Ct. at 2666 (quoting *Engle*, 456 U.S. at 129, 102 S.Ct. at 1573), in holding that counsel's

estimation that "the claim had little chance of success in the Virginia courts" did not render the claim unavailable. *Id.; see also McCleskey v. Zant*, —— U.S. ——, ——, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986).

Our application of the cause requirement has tracked these decisions in treating *Engle* and *Reed* as standing for the same rule. This is especially true of the cases upon which we have relied in holding that Selvage's failure to assert *Penry* claims in his first federal petition may not be excused. In *Selvage v. Lynaugh*, 842 F.2d at 94, we considered this same *Penry* question:

> [T]he issue is not a recently found legal theory not knowable by competent trial counsel. *Reed v. Ross*, 468 U.S. 1 [104 S.Ct. 2901, 82 L.Ed.2d 1] (1984) (so novel that its legal basis is not reasonably available). Nor is its rejection by the Texas Court of Criminal Appeals a legal excuse for not objecting. "If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.'" *Engle v. Isaac*, [456 U.S. 107, 130], 102 S.Ct. 1558, 1573 [71 L.Ed.2d 783] (1982). It is true that the Texas statute had been upheld.... We cannot read these cases to so foreclose Selvage's argument that his counsel should not have preserved the point.

*Id.* at 94; *Cuevas*, 932 F.2d at 1082. We have evaluated other constitutional claims in a similar manner, citing *Reed* and *Engle* indiscriminately in support of the same standard. *See, e.g., Wiley v. Puckett*, 969 F.2d 86, 101 n. 16 (5th Cir.1992) (legal basis for claim reasonably available where "the possibility that one might prevail on the courts to find a constitutional violation" existed (citing *Reed* )); *Jones v. Butler*, 864 F.2d 348, 364 (5th Cir.1988) ("At the time of Jones's trial, the claim was familiar and had been asserted in many other cases.... The prevalence of these objections suggests that Jones had the tools to construct his constitutional claim" (citing *Engle* )),

*cert. denied,* 490 U.S. 1075, 109 S.Ct. 2090, 104 L.Ed.2d 653 (1989); *Procter v. Butler,* 831 F.2d 1251, 1253–54 (5th Cir.1987) (citing *Reed* and *Engle*), *cert. denied,* 488 U.S. 888, 109 S.Ct. 219, 102 L.Ed.2d 210 (1988); *Bates v. Blackburn,* 805 F.2d 569, 575–76 (5th Cir.1986) (citing *Reed* and *Engle*), *cert. denied,* 482 U.S. 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987).

Our interpretation of the cause requirement accords with those of other circuits. *See, e.g., Pitts v. Cook,* 923 F.2d 1568, 1572 n. 6 (11th Cir.1991) ("*Reed* and *Engle* must be read together.... That an argument might have less than a high likelihood of success has little to do with whether the argument is available or not."); *Clanton v. Muncy,* 845 F.2d 1238, 1242 (4th Cir.) ("A legal argument need not have succeeded elsewhere before it will be found reasonably available. Rather, cause will not be found where the 'basis of a constitutional claim is available, and other defense counsel have *perceived* and *litigated* that claim.'" (quoting *Engle,* 456 U.S. at 134, 102 S.Ct. at 1575) (emphasis in original), *cert. denied,* 485 U.S. 1000, 108 S.Ct. 1459, 99 L.Ed.2d 690 (1988); *Leggins v. Lockhart,* 822 F.2d 764, 768 (8th Cir.1987) ("Where, as here, the legal basis for making the constitutional claim was available and other defense counsel had perceived and litigated the claim, it cannot be said that [defendant's] counsel so lacked the tools to construct this constitutional argument before the state court that cause existed which excuses the procedural default."), *cert. denied,* 485 U.S. 907, 108 S.Ct. 1080, 99 L.Ed.2d 239 (1988); *Roman v. Abrams,* 822 F.2d 214, 223 (2d Cir.1987) ("The fact that 'the issue had been perceived by other defendants and that it was a live one in the courts at the time' means that an argument was not so novel that counsel could not assert it." (quoting *Engle,* 456 U.S. at 133 n. 41, 102 S.Ct. at 1574 n. 41)), *cert. denied,* 489 U.S. 1052, 109 S.Ct. 1311, 103 L.Ed.2d 580 (1989).

■ It is clear that an omission of a claim may be excused for cause only if the question was so novel that it lacked a reasonable basis in existing law. It is equally clear, however, that *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), bars the retroactive application of novel or "new" rules "not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* 489 U.S. at 301, 109 S.Ct. at 1070 (emphasis in original). Since a claim that lacks a "reasonable basis" plainly is not "dictated by precedent," a petitioner that meets the cause requirement cannot receive the benefit of the rule. A determination that an issue is not new under *Teague* likewise precludes an excuse for cause, for a rule "dictated by precedent" cannot lack a "reasonable basis" in existing law. *Skelton v. Whitley,* 950 F.2d 1037, 1042 (5th Cir.1992) ("newness" of a rule sufficient to excuse procedural default or writ abuse also bars retroactive application); *Fierro v. Lynaugh,* 879 F.2d 1276, 1282 (5th Cir.1989) ("Since ... the Court in *Penry* was not announcing a new rule ... there was no good cause for not raising the objection at trial"), *cert. denied,* 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990). *See also Prihoda v. McCaughtry,* 910 F.2d 1379, 1386 (7th Cir. 1990) ("it is inescapable that *Teague* apparently nullifies the effect of *Reed*"); *Hopkinson v. Shillinger,* 888 F.2d 1286, 1290 (10th Cir.1989) (en banc) ("a holding that a claim is so novel that there is no reasonable basis for it, thus establishing cause, *must* also mean that the claim was too novel to be *dictated* by past precedent" (emphasis in original)), *cert. denied,* — U.S. —, 110 S.Ct. 3256, 111 L.Ed.2d 765 (1990); Althouse, *Tapping the State Court Resource,* 44 Vand.L.Rev. 953, 990–91 (1991); Arkin, *The Prisoner's Dilemma: Life in the Lower Federal Courts After* Teague v. Lane, 69 N.C.L.Rev. 371, 407–09 (1991); Friedman, *A Tale of Two Habeas,* 73 Minn. L.Rev. 247, 300–02 (1988); Hoffmann, *The Supreme Court's New Vision of Federal Habeas Corpus for State Prisoners,* 1989 Sup.Ct.Rev. 165, 183. This interaction of *Teague* and the cause standard supplied by *Engle* and *Reed* leads to a result that is as ineluctable as it is potent: "Claims not finally resolved at trial and on direct appeal are almost always gone forever." *Prihoda,* 910 F.2d at 1387.

It is worth noting that although any issue sufficiently "novel" to meet the cause requirement is "new" under *Teague* as well, not all rules found to be "new" under *Teague* are novel for cause purposes. Such symmetry would obtain if "novelty" had the same breadth under *Engle* and *Reed* as it does under *Teague*. The two standards, however, are guided by sharply different definitions of "new." This divergence in scope does not produce a gap between *Teague* and *Reed* that might permit retroactive application of a claim held to be novel under *Reed*, but rather a substantial overlap instead that confirms the categorical nature of the bar to new claims supplied by the two decisions.

A claim is "novel" under *Engle* and *Reed* if "counsel has no reasonable basis upon which to formulate a constitutional question." *Reed*, 468 U.S. at 14, 104 S.Ct. at 2909. *Teague* and its progeny, however, define "new" in far broader terms. *See, e.g., Sawyer v. Smith*, 497 U.S. 227, ——, 110 S.Ct. 2822, 2827, 111 L.Ed.2d 193 (1990) (legal question "over which reasonable jurists might disagree"); *Butler v. McKellar*, 494 U.S. 407, 415, 110 S.Ct. 1212, 1217, 108 L.Ed.2d 347 (1990) (rules "susceptible to debate among reasonable minds"); *Saffle v. Parks*, 494 U.S. 484, 488, 110 S.Ct. 1257, 1260, 108 L.Ed.2d 415 (1990) (rule is new unless a court "would have felt compelled by existing precedent to conclude that the rule [petitioner] seeks was required by the Constitution"); *Teague*, 489 U.S. at 301, 109 S.Ct. at 1070 (rule is new unless *dictated* by precedent"). This expansive definition of "new" for retroactivity purposes subsumes not only those legal issues held to be "novel" under *Reed*, but also claims that were "futile," "foreclosed," or even "debatable" at the time the conviction became final. *Teague* thus renders questions concerning the scope of *Reed*'s novelty exception, such as those raised by Selvage in his petition for rehearing, largely moot. Even if a failure to raise a claim could be excused on grounds that existing law "foreclosed" such an ar-

gument, such a determination would mean that the rule could not be applied retroactively.

We do not believe that these considerations have rendered superfluous our identification of the narrow class of claims that might be deemed "novel" and thus excused for cause. We have previously indicated that "[w]e cannot categorically say that a habeas petitioner could never steer among the[ ] shoals [of *Reed* and *Teague*]." *Skelton*, 950 F.2d at 1042. The *Skelton* court's reluctance to embrace this rule without reservation is apparently rooted in its belief that "the 'newness' of a rule has a consistent meaning for purposes of showing 'cause' ... and the *Teague* doctrine." *Id.* Under this approach, cause ends where retroactivity begins. While these lines are clear as an analytical matter, drawing them in practice might prove difficult in the rare case. Assigning "new" the same meaning under *Teague* and the cause standard produces at least some gray areas. It is possible a habeas petitioner might succeed in showing cause and still receive the benefit of the rule.

Our discussion confirms, however, that "newness" does *not* have a consistent meaning. The reach of this category is very limited under *Reed* but quite broad under *Teague*. The novelty cause standard is thus wholly contained, with much room to spare, by *Teague*'s new rule doctrine; there is no gray area. These considerations lead us to conclude that a rule found novel for cause purposes will not be available in a federal habeas proceeding, and that a determination that a rule will be applied precludes a finding that the claim's novelty constitutes cause.[2]

Petition for rehearing is DENIED.

---

**2.** We should add that a claim's novelty is not, of course, the only basis upon which procedural default or writ abuse might be excused. Habeas petitioners may also meet the cause requirement by demonstrating "constitutionally 'ineffective assistance of counsel'" or "'interference

by officials that ma[de] compliance with the state's procedural rule impracticable.'" *McCleskey,* —— U.S. at ——, 111 S.Ct. at 1470 (quoting *Murray v. Carrier,* 477 U.S. 478, 485–87, 106 S.Ct. 2639, 2644–45, 91 L.Ed.2d 397 (1986)). The Supreme Court's explication and applica-tion of these exceptions suggests, however, that they are quite narrow. *See McCleskey,* —— U.S. at —— –——, 111 S.Ct. at 1472–75 (interference by officials); *Carrier,* 477 U.S. at 485–92, 106 S.Ct. at 2644–48 (ineffective assistance of coun-sel).