**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

**No. 93-2493**

_____

MARKHAM DUFF-SMITH,                                    Petitioner-Appellant,

**versus**

JAMES A. COLLINS, Director,
Texas Department of Criminal Justice,
Institutional Division                                Respondent-Appellee.

_____

**Appeal from the United States District Court
For the Southern District of Texas**

_____

**(June 28, 1993)**

**Before POLITZ, Chief Judge, GARWOOD and JOLLY, Circuit Judges.**

**Per Curiam:**

Petitioner-Appellant Markham Duff-Smith, scheduled to be executed after midnight tonight, Monday, June 28, 1993, has applied to this court for a certificate of probable cause to appeal. Concurrently, he seeks a stay of execution. This is his second habeas appeal, his earlier habeas appeal having been considered and denied in **Duff-Smith v. Collins**, 973 F.2d 1175 (5th Cir. 1992), reh'g denied, Nov. 13, 1992, cert. denied, 113 S.Ct. 1958 (1993).[1] We deny both the motion for CPC and the motion for stay of execution.

A certificate of probable cause is a jurisdictional

_____

[1] That opinion sets out in greater detail Duff-Smith's procedural history through both the state and federal courts.

prerequisite for our consideration of this appeal.[2]  To obtain a certificate of probable cause Duff-Smith must "make a substantial showing of the denial of a federal right."[3]  To make such a showing, he "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."[4]

Markham Duff-Smith was convicted and sentenced to death for the capital murder of his adoptive mother, Gertrude Zabolio.  The conviction and sentence were affirmed by the Texas Court of Criminal Appeals.[5]  His first state habeas petition was filed in 1986.  After conducting an evidentiary hearing, the trial court entered findings of fact and conclusions of law denying all relief.  The Texas Court of Criminal Appeals adopted those findings and denied the petition.  Duff-Smith then sought federal habeas corpus relief.  Another evidentiary hearing was conducted, and the district court denied relief, adopting the recommendations of the magistrate judge.  On appeal, we affirmed the denial of the writ, addressing in detail each issue raised.[6]

Whether a successive federal habeas petition raises grounds

---

[2]  Fed.R.App.P. 22(b).

[3]  **Barefoot v. Estelle**, 463 U.S. 880, 893 (1983) (citations omitted).

[4]  **Id**. at 893 n.4 (citations omitted).

[5]  **Duff-Smith v. State**, 685 S.W.2d 26 (Tex.Crim.App.), cert. denied, 474 U.S. 865 (1985).

[6]  973 F.2d at 1175-84.

identical to those already heard and decided on the merits in a previous petition, or raises new grounds not raised in the previous petition, a federal court may not reach the merits thereof unless the petitioner shows cause and prejudice.[7] To demonstrate "cause," the petitioner must demonstrate that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in the initial petition.[8] "A failure to raise a claim in the first petition may not be excused for cause if the claim was reasonably available at that time."[9] Absent demonstrated cause and prejudice, "the failure to raise a claim in a prior habeas petition may be overlooked only when a constitutional violation probably has resulted in the conviction of one innocent of the crime."[10]

In the present habeas petition, Duff-Smith raises several claims which were raised in the first petition. In addition, he advances several claims which he characterizes as "new" but which are not new, despite counsel's valiant efforts to establish to the contrary. The petition founders on Rule 9(b) of the Rules Governing § 2254 Cases.

The motion for a certificate of probable cause is DENIED.

The motion for a stay of execution is DENIED.

---

[7] Rules Governing § 2254 Cases in the United States District Courts 9(b); **McClesky v. Zant**, 111 S. Ct. 1454 (1991) (new claims); **Kuhlmann v. Wilson**, 477 U.S. 436 (1986) (claims already raised).

[8] **McClesky.**

[9] **Selvage v. Collins**, 975 F.2d 131, 133 (5th Cir. 1992), cert. denied, 1993 WL 414472 (June 1, 1993).

[10] **Kirkpatrick v. Whitley**, 992 F.2d 491 (5th Cir. 1993).

3