# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 01-41489

_____

ERIC LYNN MOORE,

Petitioner-Appellant,

VERSUS

JANIE COCKRELL,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Eastern District of Texas
m 99-CV-18

_____

November 18, 2002

Before SMITH, EMILIO M. GARZA, and
DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Eric Moore was sentenced to die for murdering Helen Ayers. He appeals the denial of habeas corpus relief. We affirm.

I.

In 1990, Moore and three other men stopped at the rural home of Richard and Helen Ayers. On a pretext of needing jumper cables, the four men gained access to the Ayers' residence and robbed the couple at gunpoint, then ushered them into the master

bedroom. After ordering them to lie down on their mattress, the men fired five shots from a single weapon, shooting Mrs. Ayers in the head and Mr. Ayers in the shoulder. Mrs. Ayers died. Moore confessed to shooting Mr. Ayers but claimed that one of the other three fired the shot that killed Mrs. Ayers.

The Texas Court of Criminal Appeals affirmed, *Moore v. State*, 882 S.W.2d 844 (Tex. Crim. App. 1994), *cert. denied*, 513 U.S. 1114 (1995), and denied Moore's state application for post-conviction relief, *Ex parte Moore*, No. 38,670-01 (Tex. Crim. App. 1998). During state post-conviction proceedings, several of Moore's claims were found procedurally barred because they had not been raised on direct appeal, as required by Texas law. Moore then filed a federal habeas petition raising these same claims and two procedurally barred claims under *Penry v. Johnson ("Penry II")*, 532 U.S. 782 (2001). The district court denied Moore's petition for relief but granted a certificate of appealability ("COA") with regard to eleven of the claims.[1]

## II.

We review the district court's findings of fact for clear error and its conclusions of law *de novo. Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001), *cert. denied*, 534 U.S. 1163 (2002). The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the scope of federal habeas corpus review where the state provided a full and fair hearing on a petitioner's claims. We may not issue a writ for a defendant convicted under a

state judgment unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." *Riddle v. Cockrell*, 288 F.3d 713, 716 (5th Cir.) (quoting 28 U.S.C. § 2254(d)(1)-(2)), *cert. denied*, 123 S. Ct. 420 (2002).

A state court decision is contrary to established federal law if the state court "applies a rule that contradicts the governing law set forth in [the Court's] cases," or confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent, yet reaches an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Alternatively, a state court "unreasonably applies" clearly established federal law if it correctly identifies the governing precedent but unreasonably applies it to the facts of a particular case. *Id.* at 407-09.

## III.

Six of the claims are barred from federal review because Moore did not raise them during his state direct appeal or post-conviction proceedings. In stating five of the claims, Moore argues that he was denied the effective assistance of counsel at various points during his trial. Specifically, he avers that the following actions by his attorney amounted to ineffective assistance: the failure (1) to discover or investigate evidence of Moore's "bad acts"; (2) to object to the trial court's removal, for cause, of prospective jurors Karen Eade and Michael King; (3) to object to evidence that Moore had been diagnosed as a sociopath; (4) to object to evidence of conditions within the Texas prison system; and (5) to object to an improper question asked by the state during cross-examination regarding the percentage of cases that the Court of Criminal Appeals over-

---

[1] Moore unsuccessfully sought a COA from this court to appeal a twelfth claim concerning whether he was constructively denied effective assistance of counsel on direct appeal. *Moore v. Cockrell*, No. 01-41489 (5th Cir. Mar. 22, 2002).

turns.[2] In addition, Moore contends that there is a reasonable probability that the result of the punishment phase of his trial would have been different if Officer Frank Svoboda had testified truthfully.

Procedural default exists where a state court clearly and expressly bases its dismissal on a state procedural rule that provides an independent and adequate ground for the dismissal.[3] *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Notably, Texas law precludes habeas relief for all record-based claims that are not raised on direct appeal. *E.g.*, *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001); *Rojas v. State*, 981 S.W.2d 690, 691 (Tex. Crim. App. 1998).

During post-conviction proceedings, the state trial court found, as a matter of law, that the six claims were procedurally barred because they were never raised on direct appeal;[4]

on review, the Court of Criminal Appeals explicitly adopted the trial court's conclusions of law. Federal review is therefore barred.[5]

Still, if a petitioner can show cause for a procedural default, and ensuing prejudice, his failure to raise a claim in state proceedings will not bar federal habeas review. *Murray v. Carrier*, 477 U.S. 478, 485 (1986). A petitioner demonstrates cause for failing to raise a claim in state court if "some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Id.* at 488.

If, however, the "basis of the constitutional claim is available, and other defense counsel have perceived and litigated that claim," a particular petitioner's lack of knowledge of the legal basis for the claim does not constitute cause for the failure to raise the claim below. *Engle v. Issac*, 456 U.S. 107, 134 (1982). Moore does not suggest a reason, nor can we determine one from the record, why he would have been impeded from bringing his ineffective assistance of counsel claims, and the perjured-testimony claim.

## IV.

Moore claims that had his trial counsel objected to the state's comments, during *voir dire*, concerning the possibility of parole, the

---

[2] In addition, Moore argues that his appellate counsel's failure to raise the improper cross-examination question on direct appeal constituted ineffective assistance of counsel. Because Moore makes no argument in support of this claim, however, we consider it waived. *See* FED. R. APP. P. 28(a)(9)(A); *United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000) (noting the rule).

[3] In his brief, Moore does not address the issue of procedural default. Nor did he file a reply brief in response to the government's argument that these six claims are procedurally defaulted.

[4] After declaring that the claims were procedurally defaulted, the state trial court discussed the merits of the claims in the alternative. Nevertheless, the claims are still procedurally defaulted. An express state court procedural ruling is an independent and adequate bar to federal review, even if
(continued...)

[4](...continued)
the state court alternatively reaches the merits of a claim. *Harris v. Reed,* 489 U.S. 255, 264 n.10 (1989); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999).

[5] In the district court, the state argued that Moore's claims are procedurally barred. *Cf. Fisher*, 169 F.3d at 300-301 (declining to apply procedural bar where state did not raise procedural default in district court).

3

result of the punishment phase of his trial would have been different. The district court reviewed this claim *de novo* because of the state court's supposed failure to make specific findings of fact or conclusions of law. Our review of the state court opinion and state habeas petition reveals, however, that Moore never raised this claim during state proceedings. Because the claim is therefore unexhausted, and Moore offers no reason why he could not have raised it in state court, we need not consider it. Nevertheless, because the state does not argue that the claim is unexhausted, we address its merits.

Moore claims that during *voir dire*, the state improperly referenced the possibility that he might receive parole "somewhere far down the road."[6] To prevail on an ineffective assistance of counsel claim, Moore bears the burden of establishing a reasonable probability that had counsel objected to the comment, the result in the punishment phase would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Importantly, the failure to object to a prosecutor's improper comments during *voir dire* is

not generally prejudicial where the jury later is instructed to disregard the subject matter of the improper comments. *Sawyer v. Butler*, 848 F.2d 582, 590-91 (5th Cir. 1988). Here, the jury was correctly and timely instructed not to consider parole eligibility.[7] Therefore, assuming that the prosecutor's comments were improper, we cannot say that there was a reasonable probability that the outcome of the punishment phase would have been different had defense counsel objected.[8]

## V.

The district court denied Moore leave to amend his petition to add a *Penry II* claim, finding that the claim was procedurally barred. Moore argues that the procedural default should be excused because his trial and state post-conviction counsels' failure to raise a *Penry II* claim constituted ineffective assistance of counsel, or in the alternative, that the issue was novel. We reject both arguments.

## A.

In *Penry v. Lynaugh ("Penry I")*, 492 U.S. 302 (1989), the Court held that jury instructions used by Texas courts in capital sentencing proceedings were unconstitutional in cases in which the defendant introduced evidence of mental retardation and childhood abuse. To comply with *Penry I*, Texas courts amended their instructions in capital cases by providing an additional instruction regarding the effect of mitigating evidence, although the new instruc-

---

[6] The prosecutor stated the following to Frances Myrene Locust Corley, who was seated as the sixth juror:

> In this case, you obviously know there were only two punishments available, you either get the death penalty or you receive life imprisonment. That would probably indicate to you that rehabilitation in that scheme may not be that big of an issue, because life in prison is there and although, SS possibility of parole may exist somewhere far down the road, that is really not probably something that is going to be of primary concern.

[7] Generally it is presumed that juries will follow instructions. *Zafiro v. United States*, 506 U.S. 534, 540 (1993).

[8] Because Moore's other ineffective assistance of counsel claims are procedurally barred, we need not address his claim that the cumulative effects of defense counsel's errors violated due process.

4

tion did not provide jurors with plain guidance on how to apply such evidence. In *Penry v. Johnson ("Penry II")*, 532 U.S. 782 (2001), the Court held that Texas jury instructions were still unconstitutional where a defendant introduced evidence of mental retardation and childhood abuse.

At trial in 1991, Moore introduced evidence of mental retardation and childhood abuse. He was sentenced under the instruction used by Texas courts in the wake of *Penry I*. Because Moore never argued in state court that the instruction was unconstitutional, the claim is unexhausted. As we have said, unexhausted claims cannot be brought in a federal habeas petition unless the petitioner can show cause for not raising the issue in state court, or a miscarriage of justice if the claims were not considered. *Coleman*, 501 U.S. at 735.

### B.

Moore argues that his procedural default should be excused because of ineffective assistance of counsel. To succeed on this claim, he first must demonstrate that his counsel's actions fell below an objective standard of reasonableness. *Washington*, 466 U.S. at 690. During the pendency of Moore's post-trial proceedings, the Court of Criminal Appeals already had rejected *Penry II*-type claims. *E.g.*, *San Miguel v. State*, 864 S.W.2d 493, 495 (Tex. Crim. App. 1993); *Fuller v. State*, 829 S.W.2d 191, 209 (Tex. Crim. App. 1992). Therefore, we agree with the district court that it was not objectively unreasonable for Moore's counsel to forgo bringing a *Penry II* claim where precedent dimmed the possibility of victory.

### C.

In the alternative, Moore contends that the novelty of a *Penry II* claim following his con-

viction excuses his failure to raise the issue in state court. It is true that "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Ross*, 468 U.S. at 16. As we have noted, however, *Penry II* claims had already been brought and rejected during the pendency of Moore's state post-conviction proceedings. *E.g.*, *Fuller*, 829 S.W.2d at 209. With the constitutional question already tried and tested, it cannot be that counsel "had no reasonable basis upon which to formulate a constitutional question." *Selvage v. Collins*, 975 F.2d 131, 134 (5th Cir. 1992) (quoting *Ross*, 468 U.S. at 14-15).

Instead, Moore argues that the "hostility" of Texas courts to *Penry II*-type claims rendered these claims novel during his state post-conviction proceedings. In *Engle*, 456 U.S. at 130, however, the Court held that a defendant who "perceives a constitutional claim and believes it may find favor in the federal courts, . . . may not bypass the state courts simply because he thinks they will be unsympathetic to the claim." In other words, federal courts will not designate claims as novel merely because state courts have rejected them;[9] a petitioner who recognizes the constitutional basis for a claim must first bring the claim in state court. In light of *Engle*, the Court of Criminal

---

[9] Before *Penry II*, we held that "the unsuccessful advancement of '*Penry*' claims by defense counsel as early as 1980 demonstrates that such claims were reasonably available at that time." *Selvage v. Collins*, 975 F.2d 131, 133 (5th Cir. 1992). In several cases, we declined to find cause under *Ross* even where a habeas action was initiated before *Penry I*. *E.g.*, *id.*; *Cuevas v. Collins*, 932 F.2d 1078, 1081-82 (5th Cir. 1991).

Appeals' rejection of *Penry II*-type claims did not render this claim novel in any sense of the word.[10]

AFFIRMED.

---

[10] Because Moore was not granted a COA as to whether Dr. Walter Quijano impermissibly used race as a factor in assessing Moore's future dangerousness, we decline to address this issue. *See United States v. Kimler*, 150 F.3d 429, 430-31 & n.1 (5th Cir. 1998).